## 75880. GARDNER v. BLACKSTON et al.
(365 SE2d 545)

DEEN, Presiding Judge.

Appellant Gardner was driving at night on a Cobb County highway when a tractor-trailer truck pulling a low-boy trailer carrying a heavy road-grader made a left turn from a side road across his path. Gardner testified that he never saw any lights on the trailer and that, therefore, thinking the truck had cleared his lane, he did not apply his brakes. He hit the trailer with such force that the road-grader was knocked off. He sustained extensive injuries, and his automobile was severely damaged. There was testimony that he had been travelling at a high rate of speed.

The investigating officer testified at trial that the truck driver had initially stated that the lights on the trailer were "shorted out" but had subsequently stated, while still at the accident scene, that he had meant the lights were shorted by the impact, and not that they had been out of order while he was driving. He acknowledged that one of his corner "marker" lights had not been working. The trial court granted appellees' motion for partial directed verdict, thereby removing from the jury's consideration the issues of punitive damages, attorney fees, and costs, as well as that of "spoliation" of, or tampering with, the evidence regarding whether the trailer lights went out before or after the collision. Appellant received $81,660 as compensatory damages, but no punitive damages. He appeals, enumerating as error the trial court's granting appellees' motion for partial directed verdict with regard to the spoliation charge, and the court's refusal to submit to the jury either the full or the redacted version of

the accident report. *Held*:

1. Our scrutiny of the record reveals no error with respect to the first enumeration. Neither does Georgia law recognize spoliation of evidence as a separate tort, nor is there any indication here that the evidence was despoiled, or tampered with. See generally OCGA Title 51. This enumeration has no merit.

2. Likewise, we find no error in the trial court's declining to send the accident reports out with the jury. The investigating officer, as well as others, was fully examined at trial regarding the substance of the reports, and the trial court may well have considered that sending them out with the jury would unduly emphasize their content. Compare *Thomason v. Genuine Parts Co.*, 156 Ga. App. 599 (275 SE2d 159) (1980). These enumerations, too, are without merit.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 8, 1988.

*James S. Owens, Jr., George R. Neuhauser*, for appellant.
*Harold T. Daniel, Jr., Burke B. Johnson*, for appellees.