A92A0432. AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, et al. v. SCHAFER et al.
(420 SE2d 820)

JOHNSON, Judge.

American Casualty Company and Continental Casualty Company d/b/a CNA Insurance Company brought this action against E. C. Schafer, individually, and Schafer Construction Company, Inc. (the "Georgia company"), alleging their failure to pay insurance premiums on two insurance policies, a workers' compensation policy and a gen-

eral liability policy.

CNA provided insurance coverage for E. C. Schafer Construction Company, Inc. (the "Louisiana company"), a business entity owned by Schafer in Louisiana. Schafer moved to Georgia in 1987 because Louisiana's economic climate was unfavorable. The Louisiana company ceased to operate after Schafer's relocation to Georgia. On July 24, 1987, Schafer incorporated the Georgia company in the State of Georgia.

All of the various corporations owned by Schafer were closely-held family corporations. Schafer and his wife were the sole shareholders of both the Louisiana and Georgia corporations. He, his wife, and their sons acted as the corporate officers of both corporations.

In July 1988, CNA sent a bill to Schafer requesting payment of premiums on the policies in question from Schafer and the Georgia company. Both Schafer and his Georgia company refused to pay. CNA sued.

Schafer and the Georgia company moved for summary judgment. The Georgia company asserted that it never had a contractual relationship with CNA. Schafer asserted that he was never individually liable to CNA, and that his name was shown as an insured in error. The trial court granted summary judgment to both defendants. CNA appeals. We affirm in part and reverse in part.

1. CNA contends that the trial court erred in finding that there was no genuine issue of material fact concerning Schafer's personal liability for premiums due on the general liability policy.

Schafer's name appeared as an insured on the general liability policy; he contends that this was an error. The record indicates that the subject policies were issued on December 31, 1986, for a policy period of one year. On February 24, 1987, early in the policy term, the underwriters for CNA endorsed a change on the general liability insurance policy deleting Schafer as a named insured. We agree with the trial court that there exists no genuine issue of material fact regarding Schafer's personal liability for premiums for the general liability policy. There was no error in granting summary judgment to Schafer as to the general liability policy, and we affirm.

2. CNA contends that the trial court erred in finding that there was no genuine issue of material fact related to Schafer's personal liability for payment of premiums for the workers' compensation policy.

Schafer was named as an insured on the workers' compensation policy. He was never removed as he was from the general liability policy. The record contains no evidence that any request was ever sent to or received by CNA to remove Schafer as an insured from the workers' compensation policy. CNA points to testimony in the deposition of Gene Smith, an independent insurance agent who serviced the policy, regarding Schafer being an insured on the workers' compensation

policy. Smith testified that he did not recall receiving any request, written or oral, to remove Schafer as an insured from either of the subject policies. Smith further testified that it was general company policy that when an insured is removed from one policy, that insured was removed from all other policies existing for the same person or entity.

We find that there is a genuine issue of material fact regarding whether Schafer was an insured on the workers' compensation policy and thus liable for the payment of premiums due thereunder. The trial court erred in granting Schafer summary judgment as to the workers' compensation policy. Therefore, we reverse as to this policy.

3. CNA contends that a genuine issue of material fact exists regarding whether the Georgia company is the "alter-ego" of the defunct Louisiana company. CNA claims that the Georgia company was formed in an attempt to escape liability incurred by the Louisiana company and therefore the corporate veil should be pierced and the separate corporate identity disregarded.

This court recently re-addressed the principles related to piercing the corporate veil in *Heyde v. Xtraman, Inc.*, 199 Ga. App. 303 (404 SE2d 607) (1991). In *Heyde*, we noted that piercing the corporate veil is allowed to "remedy injustices which arise where a party has overextended his privilege in the use of a corporate entity in order to defeat justice, perpetrate fraud, or to evade contractual or tort responsibility. . . . Sole ownership of a corporation by one person or another corporation is not a factor and neither is the fact that the sole owner uses and controls it to promote his ends. There must be evidence of abuse of the corporate form. Plaintiff must show that the defendant disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control." (Punctuation and citations omitted.) *Heyde, supra* at 304; see also *Derbyshire v. United Bldrs. Supplies*, 194 Ga. App. 840 (392 SE2d 37) (1990); *Williams Plaza v. Sedgefield Sportswear Div. &c.*, 164 Ga. App. 720 (297 SE2d 342) (1982).

In the instant case, Schafer and his wife were the sole shareholders, and, along with their sons were the corporate officers in both the Louisiana company and the Georgia company. Clearly, this evidence standing alone does not establish that the Georgia corporation was merely a subterfuge for the Louisiana corporation. CNA therefore attempted to gather further evidence in support of its alter ego theory through discovery. Schafer, however, did not fully comply with the discovery requests.

CNA attempted to obtain the financial records of the defunct Louisiana company from Schafer. When Schafer failed to provide these records, CNA filed a motion to compel the production of the records. In defending this motion, Schafer claimed that he stored the

records in the office part of a building in Louisiana when he left that state to move to Georgia. He claimed that he visited the storage site personally after receiving the discovery requests, and discovered that the Louisiana company's records had been moved by a tenant to the rear section of the building. According to Schafer's affidavit, the tenant in this section of the building "apparently disposed of the records." The "lost" records are significant documents which could serve either to overcome the presumption in favor of separate corporate entity or to show that Schafer had properly maintained the two corporations as separate entities.

Whether the records were in the custody or control of Schafer is a material issue in the instant case. If it is found that Schafer caused or contributed to the loss of the subject records, a presumption would be raised against him that the evidence favored CNA's alter ego theory. "Spoliation of evidence raises a presumption against the spoliator." *Greer v. Andrew*, 138 Ga. 663, 664 (75 SE 1050) (1912); see also *Georgia Power Co. v. Hinson*, 179 Ga. App. 263, 266 (346 SE2d 73) (1986); *Glynn Plymouth, Inc. v. Davis*, 120 Ga. App. 475, 482 (170 SE2d 848) (1969).

The substance of the lost financial records is material to the allegation that the Georgia company is an alter ego of the Louisiana company because the records, if available, would shed light upon the relationship between the two companies. There is a genuine issue of material fact regarding whether Schafer is responsible for the unavailability of the records. This precludes the grant of summary judgment to the Georgia company. Accordingly, the trial court erred in granting the Georgia company's motion for summary judgment, and we reverse.

In view of our holding above, the remaining enumerations have been rendered moot.

*Judgment affirmed in part and reversed in part. Carley, P. J., and Pope, J., concur.*

DECIDED JULY 13, 1992.

*Savell & Williams, John C. Parker, Robert E. Mulholland*, for appellants.

*Thomas M. Stubbs, Jr.*, for appellees.