## A97A1235. HARDEMAN v. SPIRES.
(492 SE2d 532)

McMURRAY, Presiding Judge.

Hardeman, the plaintiff in this slip and fall case, was injured while making a pizza delivery to the home of defendant Spires. Plaintiff delivered pizza to the front door of defendant's home in the early afternoon of a rainy day. As she was leaving, plaintiff slipped on the porch and fell. The complaint alleges that plaintiff fell due to the slippery condition of the tile flooring on the porch combined with the lack of any handrails or other protective devices. Plaintiff appeals the grant of summary judgment in favor of defendant. *Held*:

1. Plaintiff contends that the affidavit of her expert was sufficient to create genuine issues of material fact. One argument in support of this contention is that the expert's affidavit was unopposed since no other evidence had been filed in the case. However, this position is contrary to the record sent up from the lower court. Attached

as exhibits to defendant's motion for summary judgment were a number of depositions taken in an earlier filing of this action which was voluntarily dismissed. These are the depositions of plaintiff, defendant, and Ayers, a friend of defendant's who installed the tile flooring of the porch. Plaintiff made no objection in the superior court to defendant's reliance on these depositions and instead referenced these same depositions in her argument in opposition to defendant's motion for summary judgment. In addition, the affidavit of plaintiff's expert is predicated in part upon review of these depositions. Plaintiff's contention that the superior court did not consider these depositions is contradicted by the record. Any contentions that the superior court should not have considered the depositions could have been raised in the first instance below but were not, resulting in waiver. *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 439 (4) (280 SE2d 842). Plaintiff's contention that the depositions should not have been considered because they had not been filed is without merit. *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (3) (352 SE2d 604).

2. The affidavit of plaintiff's expert opined that the construction of the porch was in violation of the requirements of "the 'Standard Building Code,' which is a model construction code in place and utilized throughout the South . . ." in that guardrails and handrails should have been provided but were not. The expert further opined that the porch constituted an unreasonable hazard and that plaintiff's injuries could have been avoided by the placing of proper guardrails and handrails. Nonetheless, under the decision in *Florence v. Knight*, 217 Ga. App. 799, 800 (459 SE2d 436), even if plaintiff can establish that the absence of a guardrail and handrail was negligence per se as a violation of an applicable building code, plaintiff may be precluded from recovery by the equal knowledge rule.

The evidence of record does show that plaintiff had equal knowledge of the absence of any guardrail or handrail. Plaintiff had made previous deliveries to the same door of defendant's home on two occasions. The absence of any handrail or guardrail was an easily visible static condition which plaintiff is assumed to have seen and realized the risk involved. *Columns Properties v. Coleman*, 222 Ga. App. 800, 801 (2) (476 SE2d 86). Also fatal to plaintiff's claim of less than equal knowledge is the fact that the fall occurred as she was leaving, shortly after having previously crossed the area where she fell. *Steele v. Rosehaven Chapel*, 223 Ga. App. 523, 524 (478 SE2d 596); *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291 (435 SE2d 764).

*Girone v. City of Winder*, 215 Ga. App. 822, 824 (2) (452 SE2d 794) has no application to the case sub judice. Ayers, who installed the tile flooring on the porch, was not a trespasser. Additionally, the reasoning from that case relied upon by plaintiff was rejected by the Supreme Court of Georgia, and that portion of this Court's opinion

was overruled. *City of Winder v. Girone*, 265 Ga. 723 (1) (462 SE2d 704).

We should also note that the use of the tile as a flooring material on the porch and the fact that the tiles became slippery when wet provided no basis for a recovery by plaintiff. It was uncontroverted that the tiles were a type appropriate for use outdoors. We have held that tile is a proper building material for covering floors and that installation of such an accepted material does not constitute negligence even though it may become slippery when wet. *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 171 (1), 172 (138 SE2d 77).

3. Plaintiff's final enumeration of error contends that summary judgment should not have been granted in favor of defendant because the porch in question had been destroyed, depriving plaintiff of reasonable inspection, measurement, and testing of the site of her injury. Plaintiff contends such destruction or spoliation of evidence creates a presumption favorable to her and precludes summary judgment. *American Cas. Co. &c. v. Schafer*, 204 Ga. App. 906, 909 (420 SE2d 820).

Nonetheless, under the facts and circumstances of the case sub judice the principle that spoliation of evidence raises a presumption against the spoliator is of no assistance to plaintiff. Plaintiff's contention is raised for the first time on appeal and is not supported in the record below by either evidence or argument, although on appeal defendant concedes that the porch has been dismantled since plaintiff's fall.

Any prejudice arising from removal of the porch has been cured by photographs and other evidence which were examined by plaintiff's expert. The primary allegations of plaintiff's complaint, that the porch tiles were slippery and that the porch lacked guardrails and handrails, were established by the available evidence so that the practical importance of further evidence as to the condition of the porch is very slight. Furthermore, there is no suggestion in the record that dismantling of the porch was done in order to deny evidence to plaintiff. Under these circumstances, there is no support for a theory that plaintiff's case was prejudiced by defendant's destruction of evidence, and summary judgment in favor of defendant was not precluded. See *Chapman v. Auto Owners Ins. Co.*, 220 Ga. App. 539, 542 (469 SE2d 783).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 15, 1997 —
RECONSIDERATION DENIED OCTOBER 3, 1997 —

*Dozier, Lee, Graham & Sikes, Neal B. Graham*, for appellant.
*Martin, Snow, Grant & Napier, Robert R. Gunn II, Thomas P. Allen III*, for appellee.