A97A2555. SHARPNACK et al. v. HOFFINGER INDUSTRIES, INC.
(499 SE2d 363)

McMURRAY, Presiding Judge.

This is the second appeal before this Court of this products liability action based on a tragic incident in which a 15-year-old boy received spinal injuries which rendered him a quadriplegic when he dived from a mini-trampoline into an above-ground swimming pool. In the earlier appeal, this Court affirmed the grant of summary judgment in favor of defendant Hoffinger Industries, Inc., the manufacturer of the pool, on plaintiff's negligence and strict liability claims. This Court's decision was based on "palpably clear" evidence that the

plaintiff assumed the risk of his injuries so that his own action was the sole proximate cause of his injuries. *Sharpnack v. Hoffinger Indus.*, 223 Ga. App. 833, 834 (1), 835 (479 SE2d 435). The decision on the prior appeal did not reach certain additional claims raised in plaintiff's amended complaint and as to which the superior court had neither granted nor denied summary judgment. Id. at 836 (3).

Following remand to the superior court, defendant moved for and received a grant of summary judgment as to the claims presented in plaintiff's amended complaint. Plaintiff concedes that one of these claims, based on negligent and defective retrofit campaigns is controlled adversely to him by the decision in the previous appeal. This appeal is based on plaintiff's contention that the superior court erred in granting summary judgment as to the remaining claim based on fraudulent destruction or concealment of evidence, or as sometimes referenced by plaintiff, the spoliation of evidence claim. *Held*:

Defendant maintains that Georgia law does not recognize spoliation of evidence as a separate tort and notes that this Court has stated as much in *Gardner v. Blackston*, 185 Ga. App. 754, 755 (1) (365 SE2d 545). Plaintiff contends that the statement in *Gardner* is dicta and relies upon the holding in a fraud case, *Ingle v. Swish Mfg. Southeast*, 164 Ga. App. 469, 471 (3), 472 (297 SE2d 506), as demonstrating a contrary holding. All parties have also cited to the case law of other jurisdictions, thus tracing the development of a body of law in regard to spoliation claims.

"Spoliation" is the destruction or the significant and meaningful alteration of evidence. See *Martin v. Reed*, 200 Ga. App. 775 (1) (409 SE2d 874). Whether or not recognized as a separate tort, spoliation of evidence has long been recognized in Georgia as an appropriate basis for appropriate sanctions in the decision of the underlying case. *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 524 (1), 525 (484 SE2d 249); *Chapman v. Auto Owners Ins. Co.*, 220 Ga. App. 539 (469 SE2d 783); *American Cas. Co. v. Schafer*, 204 Ga. App. 906, 908-909 (3) (420 SE2d 820).

Intentional spoliation of evidence was first recognized as an independent tort in *Smith v. Superior Court*, 198 Cal. Rptr. 829 (1984). The new tort was soon recognized in Florida and Alaska. *Bondu v. Gurvich*, 473 S2d 1307, 1313 (1984); *Hazen v. Municipality of Anchorage*, 718 P2d 456 (1986). Thereafter intentional spoliation of evidence was asserted as a separate tort in a number of jurisdictions, sometimes successfully and sometimes not.

In addition to the tort of intentional spoliation of evidence, other jurisdictions have recognized distinguishable but closely related torts. This includes negligent spoliation of evidence and also torts involving concealment rather than destruction of evidence.

Recognizing that spoliation or concealment of evidence is a serious discovery abuse, that the remedies for that abuse may not be adequate in the absence of recognizing a separate tort, and that with the passage of time since *Gardner v. Blackston*, supra, the body of reasoning in regard to the claim asserted by plaintiff has grown, a fresh look at the issue of whether Georgia *should* recognize an independent tort of this type may be appropriate. Nonetheless, this is not an appropriate case in which to conduct such a re-examination of Georgia law.

Even if a tort of spoliation or fraudulent concealment of evidence were recognized, the facts of the present case do not support any claim. The underlying goal of the spoliation tort and related theories is to provide a remedy for prejudice to an opportunity to obtain compensation for the injuries upon which the underlying litigation is predicated. In other words, the spoliation tort involves "interference with the *opportunity* to win a lawsuit. *Smith*, 198 Cal. Rptr. at 837." *Baugher v. Gates Rubber Co.*, 863 SW2d 905, 910 (1993). See also *Hirsch v. Gen. Motors Corp.*, 628 A2d 1108 (1993).

In the case sub judice, the failure of plaintiff's underlying negligence and product liability claims resulted from the successful assertion of the defense of assumption of risk. The evidence which plaintiff maintains was spoliated or concealed related only to his prima facie case and could not have affected the outcome of the underlying claims. As plaintiff cannot establish any causal link between the failure of his underlying claims and the alleged misconduct by defendant, the grant of summary judgment in favor of defendant was not error.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 17, 1998 —
RECONSIDERATION DENIED APRIL 1, 1998

*Mozley, Finlayson & Loggins, Robert M. Finlayson II, Richard D. Hall*, for appellants.
*Finley & Buckley, Timothy J. Buckley III*, for appellee.