A10A0309. CRAIG v. BAILEY BROTHERS REALTY, INC.
(697 SE2d 888)

BERNES, Judge.

A ten-year-old girl was injured by a landscape timber spike protruding from a railroad crosstie while trespassing at an apart-

ment complex owned by Bailey Brothers Realty, Inc. Her father brought this action on her behalf against Bailey Brothers, alleging premises liability and attractive nuisance claims. The trial court granted summary judgment in favor of Bailey Brothers. On appeal, the father contends that the trial court erred in granting summary judgment because (1) Bailey Brothers spoliated evidence by hammering down protruding spikes and clearing brush from the area where the injury occurred; (2) there was evidence that the injured child was an anticipated trespasser and that Bailey Brothers breached its duty to protect her from hidden perils; and (3) there was evidence that the parking lot and the railroad crossties that surrounded it constituted an attractive nuisance. For the following reasons, we affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.

(Citations and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Furthermore, "[a] grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed." (Citation and punctuation omitted.) *Gilbert v. City of Jackson*, 287 Ga. App. 326, 327 (1) (651 SE2d 461) (2007).

Viewed in this manner, the record showed that C. B., who was ten years old at the time, was playing with three other children in the empty parking lot of an apartment complex owned by Bailey Brothers. None of the children were tenants of the apartment complex, and none of them had been invited or given permission to be on the property. Nor was Bailey Brothers aware that the children were playing at the complex.

The grounds of the apartment complex included a low retaining wall composed of railroad crossties. The crossties were in a grassy area that surrounded the parking lot. Some of the crossties had deteriorated, were covered with vegetation, and had landscape timber spikes protruding from them. The parties presented conflict-

ing evidence over whether Bailey Brothers was aware of the protruding spikes prior to the accident at issue in this case. The evidence is uncontroverted, however, that the retaining wall was not intended for pedestrian traffic and that there was a separate walkway available for social guests to travel to and from the apartments.

While playing with the other children, C. B. went into the grassy area where the crossties were located. She then jumped onto one of the railroad crossties, and her right foot landed on a protruding landscape timber spike. The spike penetrated and came through the other side of her foot, causing significant injury. The spike was not visible to C. B. when she jumped because the color of the spike blended in with the crosstie and there was vegetation covering it.

When emergency responders arrived at the scene, they had to cut and move the crosstie upon which C. B. had jumped in order to dislodge her foot and the spike. C. B. was transported to the hospital, where the spike was removed from her foot during surgery.

Shortly after the accident, the owners of Bailey Brothers went to the property and looked for any remaining spikes that were protruding from the railroad crossties. The owners hammered down some of the protruding spikes and discarded others. They also had a yard worker cut down the vegetation and clean up the area around the crossties. Approximately seven months later, C. B.'s father, Gary Craig, commenced this action for damages against Bailey Brothers.

1. The father contends that the trial court erred in granting summary judgment to Bailey Brothers because there was evidence of spoliation. According to the father, Bailey Brothers improperly destroyed evidence by either hammering down or discarding the remaining spikes that protruded from the crossties and by having the area cleared of overgrown vegetation shortly after the accident. The father maintains that such destruction or spoliation of evidence created a rebuttable presumption in his favor that precluded summary judgment. See *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 525 (1) (484 SE2d 249) (1997). We disagree.

"Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation." (Footnote omitted.) *Wal-Mart Stores v. Lee*, 290 Ga. App. 541, 544 (1) (659 SE2d 905) (2008). But notice of potential *liability* is not the same as notice of potential *litigation*. See *Kitchens v. Brusman*, 303 Ga. App. 703, 707 (1) (a) (694 SE2d 667) (2010); *Silman v. Assocs. Bellemeade*, 294 Ga. App. 764, 767 (3) (669 SE2d 663) (2008), aff'd, 286 Ga. 27, 27-28 (685 SE2d 277) (2009). To meet the standard for proving spoliation, the injured party must show that the alleged tortfeasor was put on notice that the party was contemplating litigation. See id. "[T]he simple fact that someone is injured in an accident, without more, is not notice that the injured party is contemplating litigation

sufficient to automatically trigger the rules of spoliation." *Kitchens*, 303 Ga. App. at 707 (1) (a). Additionally, even if evidence was wrongfully destroyed, the injured party still must show prejudice, and the grant of summary judgment is appropriate if the injured party "cannot establish any causal link between the failure of his underlying claims and the alleged misconduct by [the] defendant." *Sharpnack v. Hoffinger Indus.*, 231 Ga. App. 829, 831 (499 SE2d 363) (1998). See also *Hardeman v. Spires*, 228 Ga. App. 723, 725 (3) (492 SE2d 532) (1997), vacated by order on other grounds, 496 SE2d 895 (1998) (injured party must show prejudice resulting from the alleged spoliation).

The owners of Bailey Brothers hammered down or discarded the remaining protruding spikes and cleared the overgrown vegetation approximately seven months before the present lawsuit was filed, and there was no evidence that the father gave the owners notice that he was contemplating litigation.[1] Nor is there anything in the record to suggest that the owners' subsequent measures to remedy the hazardous condition were done in order to deny evidence to the father or C. B. Accordingly, the father cannot establish that the owners were guilty of spoliation. See *Silman*, 294 Ga. App. at 766-767 (3) (removal and demolition of old deck following its collapse, without more, was insufficient to show spoliation); *Hardeman*, 228 Ga. App. at 725 (3) (dismantling of porch following slip and fall incident, without more, was insufficient to show spoliation). Compare *Kitchens*, 303 Ga. App. at 707 (1) (a) (defendant hospital and doctor were put on notice of contemplated litigation where, among other things, lawyer was already investigating and asking for the patient's medical records); *Wal-Mart Stores*, 290 Ga. App. at 544-546 (1) (receipt of demand letter triggered duty to preserve evidence such that subsequent destruction of videotape constituted spoliation).[2]

In any event, the father cannot show that he was prejudiced by the owners' actions, given that the actual site of C. B.'s injury had already been altered by the emergency responders attempting to dislodge C. B.'s foot and the spike that had penetrated it. Nor can the father establish any causal link between the failure of his premises liability and attractive nuisance claims and the alleged misconduct

---

[1] The father spoke with the owners a few days after the accident, but there is no evidence that he gave them any notice that he was contemplating litigation during that conversation.

[2] The father's reliance upon *Baxley v. Hakiel Indus.*, 282 Ga. 312 (647 SE2d 29) (2007), is misplaced. That case involved a business defendant's destruction of a video recording of pertinent events following what was in effect an internal company investigation into the events leading up to the accident, not subsequent remedial efforts to avoid future injuries to others on the property. Moreover, in a later opinion, the Supreme Court of Georgia discussed *Baxley* and emphasized that it did not alter the rule that the duty to preserve evidence arises only after there is notice of pending or contemplated litigation. See *Silman*, 286 Ga. at 28.

by the owners. The dismissal of those claims was warranted for separate and independent reasons relating to Bailey Brothers' lack of actual or constructive knowledge, as explained infra in Divisions 2 and 3. The owners' actions, therefore, did not preclude the trial court's grant of summary judgment in their favor. See *Sharpnack*, 231 Ga. App. at 831; *Hardeman*, 228 Ga. App. at 725 (3).

2. The father next contends that the trial court erred in granting summary judgment to Bailey Brothers on his premises liability claim. In the court below, the father argued that assuming C. B. was a trespasser at the apartment complex, she was an anticipated trespasser and the landscape timber spike was a hidden peril.[3] He cited to deposition testimony of one of the owners of Bailey Brothers, who deposed that he was aware that children played on the apartment complex property. The father also noted that the spike had not been visible because of its color and the vegetation covering it. Consequently, the father argued that Bailey Brothers owed a duty of ordinary care to C. B. to protect her from the spike, which it allegedly had breached. Again, we disagree.

A trespasser is one who, intentionally or by mistake, enters upon the property of another without authority or permission from the owner to do so. *Crosby v. Savannah Elec. &c. Co.*, 114 Ga. App. 193, 196 (1) (150 SE2d 563) (1966). Here, the uncontroverted evidence shows that neither C. B. nor her companions had been invited or given permission to be on the apartment complex property. Accordingly, C. B. was a trespasser upon the property of Bailey Brothers as a matter of law.

A landowner does not owe a duty to trespassers to keep the premises in a safe condition. *Rowland v. Byrd*, 57 Ga. App. 390 (1) (195 SE 458) (1938); *Rawlins v. Pickren*, 45 Ga. App. 261 (1) (164 SE 223) (1932). Rather, "[a] landowner owes only a minimal duty to a trespasser: to avoid wilfully or wantonly injuring him or her." (Footnote omitted.) *Gomez v. Julian LeCraw & Co.*, 269 Ga. App. 576, 578 (1) (b) (604 SE2d 532) (2004). See *Trammell v. Baird*, 262 Ga. 124, 125-126 (413 SE2d 445) (1992). Notably, however, "it is considered wilful or wanton not to exercise ordinary care to protect *anticipated trespassers* from dangerous activities or hidden perils on the premises."[4] (Punctuation and footnote omitted; emphasis supplied.) *Gomez*, 269 Ga. App. at 579 (1) (b). See *Ashworth v. Southern*

---

[3] We will not consider new arguments in opposition to a motion for summary judgment raised for the first time on appeal. See *Safe Shield Workwear v. Shubee, Inc.*, 296 Ga. App. 498, 500-501 (2) (675 SE2d 249) (2009).

[4] A hidden peril, in contrast to an open and obvious static condition on the land, is concealed or camouflaged from the view of persons on the property. See *Ga. Dept. of Transp. v. Strickland*, 279 Ga. App. 753, 754-755 (1) (632 SE2d 416) (2006). See also *Thomas v. Executive*

*R. Co.*, 116 Ga. 635, 641 (43 SE 36) (1902); *Perry Bros. Transp. Co. v. Rankin*, 120 Ga. App. 798, 799 (172 SE2d 154) (1969); *Clinton v. Gunn-Willis Lumber Co.*, 77 Ga. App. 643, 646-652 (2) (49 SE2d 143) (1948); *Madden v. Mitchell Automobile Co.*, 21 Ga. App. 108, 111-113 (94 SE 92) (1917). An anticipated trespasser is one "who is actually known to be or may reasonably be expected to be within the range of [the dangerous activity or hidden peril]." (Citations and punctuation omitted.) *Medi-Clean Svcs. v. Hill*, 144 Ga. App. 389, 390 (1) (241 SE2d 290) (1977). In other words, the landowner must have had reason to anticipate that the trespasser would be in "close proximity" to the dangerous activity or hidden peril. Id. at 391 (1).

The father failed to come forward with evidence showing that C. B. was an anticipated trespasser. The uncontroverted evidence reflects that Bailey Brothers did not know that C. B. or her friends had come onto the apartment complex property and were playing on the railroad crossties. Nor was there any evidence reflecting that Bailey Brothers had reason to anticipate that C. B. or her friends would do so. In this regard, there was no evidence that C. B. and her friends had previously entered the property and played on the crossties. And while one of the owners of Bailey Brothers testified generally that he was aware that children played at the apartment complex, there was no testimony or other evidence that Bailey Brothers was aware of children coming onto the property and playing in close proximity to the landscape timber spikes, that is, on the railroad crossties. Finally, the uncontradicted evidence reflected that the crossties were not meant for pedestrian traffic and that there was a separate walkway for use of persons on the property. Under these circumstances, there was insufficient evidence that C. B. was a trespasser who was actually known to be or was reasonably expected to be within the range of the landscape timber spike upon which she was injured. Compare *Medi-Clean Svcs.*, 144 Ga. App. at 390-391 (1) (jury question existed over whether the defendant had reason to anticipate the presence of the child victim in the restricted production area of the laundromat where she was injured, since there was evidence that the victim and other nonemployees had previously entered the production area); *Madden*, 21 Ga. App. at 112-113 (jury question existed over whether the defendant had reason to anticipate the presence of the child trespasser on running board of sight-seeing car, where there was evidence that it was customary for trespassing children to mount the running boards of the car when the car slowed down at a certain location along its route).

---

*Committee of the Baptist Convention &c.*, 262 Ga. App. 315, 319 (c) (585 SE2d 217) (2003) (a static condition is one that is not obstructed or concealed from view).

The father relies upon *Clinton*, 77 Ga. App. at 646-652 (2), but that case is clearly distinguishable on its facts. In *Clinton*, a minor was killed when he came into contact with an uninsulated power line suspended above a sawdust pile maintained by the defendant lumber company. Id. at 644-645. The plaintiffs alleged that the company was aware that children routinely came onto the property and played on the sawdust pile under the power line, yet had continued to add to the sawdust pile to the point that the top of it came within four-and-one-half feet of the power line. Id. We held that the plaintiffs had stated a viable premises liability claim, because if the company was aware of the custom of children coming onto the property and playing on the sawdust pile near the power line, it was bound to anticipate the presence of the victim there. Id. at 646-652 (2). There is no similar evidence in the present case of children routinely coming onto the property and playing in close proximity to the dangerous condition, or of the defendant being aware that children were doing so.

For these reasons, the father could not succeed on his premises liability claim predicated on C. B. being an anticipated trespasser. The trial court's grant of summary judgment was proper. See, e.g., *Gomez*, 269 Ga. App. at 579 (1) (b). Compare *Clinton*, 77 Ga. App. at 646-652 (2).

3. Lastly, the father contends that the trial court erred in granting summary judgment to Bailey Brothers on his attractive nuisance claim. According to the father, the parking lot and the railroad crossties constituted an attractive nuisance, and Bailey Brothers failed to exercise reasonable care with respect to the foreseeable risks created by the parking lot and railroad crossties. We are unpersuaded.

"Under the attractive nuisance doctrine, a landowner may be liable for physical harm to trespassing children caused by an artificial condition upon its land if certain conditions are met." (Emphasis omitted.) *Wells v. Landmark American Corp.*, 221 Ga. App. 33 (1) (470 SE2d 711) (1996). In *Gregory v. Johnson*, 249 Ga. 151, 154-155 (289 SE2d 232) (1982), the Supreme Court of Georgia adopted Section 339 of the Restatement (Second) of Torts, clarifying the criteria that must be met to prove an attractive nuisance.[5]

---

[5] The Restatement provides:
    A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
        (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
        (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

Among other things, the injured party must show that "the place where the [artificial] condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass." *Gregory*, 249 Ga. at 154, quoting Restatement (Second) of Torts § 339 (a) (1965). The father, however, failed to meet this criteria in the present case. As discussed supra in Division 2, there was no evidence that children had previously played on the railroad crossties where the landscape timber spikes were located, or if they had, that Bailey Brothers was aware of children doing so. Compare *Gregory*, 249 Ga. at 152 (jury issue existed over whether residential swimming pool constituted attractive nuisance, where there was evidence that "young children were known to be in the vicinity of the pool and that the [homeowners] had been warned about the presence of children"). Nor can it be said that a parking lot and retaining wall of railroad crossties are so inherently alluring that Bailey Brothers should have known that children from surrounding properties would be drawn there. See *Manos v. Myers-Miller Furniture Co.*, 32 Ga. App. 644, 647 (124 SE 357) (1924) (tier of wooden shelves were not inherently "alluring" and did not constitute an attractive nuisance, absent additional evidence that "the defendant should have reasonably anticipated that trespassers would be attracted by them"). As such, the father's attractive nuisance claim failed as a matter of law, and the trial court correctly granted summary judgment in favor of Bailey Brothers. See *Macon &c. R. Co. v. Jordan*, 34 Ga. App. 350 (129 SE 443) (1925) (pile of crossties did not constitute an attractive nuisance); *Manos*, 32 Ga. App. at 647.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 6, 2010.

*Rumsey & Ramsey, Ronald L. Cundy*, for appellant.
*Downey & Cleveland, George L. Welborn*, for appellee.

---

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

Restatement (Second) of Torts § 339 (1965).