## A10A1554. FRED'S STORES OF TENNESSEE, INC. v. DAVENPORT.

(703 SE2d 700)

SMITH, Presiding Judge.

In this slip-and-fall case, Fred's Stores of Tennessee, Inc. appeals from the trial court's denial of summary judgment in its favor. Appellee Barbara Davenport alleged that she slipped and fell on a jumbo paper clip in the aisle of one of Fred's stores. Fred's moved for summary judgment on the ground that it had no actual or constructive knowledge of the presence of the paper clip. The trial court denied summary judgment on the basis that a Fred's employee allegedly engaged in spoliation of evidence and that this action could be construed as "evidence of actual or constructive knowledge of the foreign substance."[1]

We granted Fred's application for interlocutory appeal to consider the possible effect of the alleged spoliation of evidence on Fred's knowledge of the hazard. Because uncontradicted evidence establishes that Fred's had no knowledge of the paper clip *before* Davenport's fall and the alleged spoliation *after* the fall is therefore irrelevant, we reverse.

The relevant facts can be briefly stated. The store's assistant manager, Ann Rowell, testified that she performed Fred's required periodic inspection procedures approximately two minutes before Davenport's fall. She also testified that she inspected the exact location where Davenport fell and that there was no paper clip on the floor at that time.

After Davenport's fall, Thomas Isham, the store manager, came to the scene. Davenport's niece alleges that Isham stated that there was nothing on the floor that caused Davenport's fall. She contends that when the paper clip was pointed out to him, Isham picked it up, put it in his shirt pocket, and repeated that nothing on the floor caused the fall. Isham admits that he came to the scene immediately after Davenport's fall, but he denies that he ever saw a paper clip, that one was pointed out to him, or that he picked up or pocketed a paper clip. On summary judgment, however, we must construe all

---

[1] The case cited by the trial court in support of its ruling, however, does not involve spoliation of evidence. *Anderson v. Sears Roebuck & Co.*, 292 Ga. App. 603 (664 SE2d 911) (2008) (physical precedent only).

disputed testimony in Davenport's favor. *Jimenez v. Gilbane Bldg. Co.*, 303 Ga. App. 125, 126 (693 SE2d 126) (2010).

1. In order to survive a motion for summary judgment in a slip-and-fall case, a plaintiff must show some evidence that the property owner had knowledge of the hazard that caused the plaintiff to fall. *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997). That knowledge may be actual or constructive. Id. In the absence of evidence of actual knowledge,

> [c]onstructive knowledge may be shown in two ways: by showing that an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition before the fall; or by showing that the substance had been on the floor for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises.

*Bolton v. Wal-Mart Stores*, 257 Ga. App. 198 (570 SE2d 643) (2002). Here, no evidence was presented that an employee was in the vicinity of the fall, and Davenport's niece did not recall seeing any. We therefore apply the rule that

> a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident. Thus, the critical issue in this case is whether [the defendant] established that it conducted a reasonable inspection of the premises prior to the slip and fall that was adequate, as a matter of law, to show the exercise of ordinary care to keep the premises safe under OCGA § 51-3-1.

(Citations and punctuation omitted.) *Markham v. Schuster's Enterprises*, 268 Ga. App. 313, 314 (601 SE2d 712) (2004).

Davenport has not refuted Fred's evidence that an employee was in the same area minutes earlier in the course of a regular inspection and that the floor was clear at that time. We agree that, in light of these facts, she has not established actual or constructive knowledge and that the trial court should have granted summary judgment in Fred's favor. *Markham*, supra at 315.

2. We next consider the question of spoliation of evidence. Assuming without deciding that Isham's conduct amounted to spoliation, we cannot agree with the trial court that it is relevant to the question of Fred's constructive knowledge of the presence of the

paper clip *before* Davenport's fall. In this respect, the situation before us is identical to that presented in *Craig v. Bailey Bros. Realty*, 304 Ga. App. 794 (1) (697 SE2d 888) (2010), which was decided after the trial court entered its order here. In *Craig*, a child's foot was impaled on a protruding spike in a retaining wall. After the accident, the property owners inspected the wall, hammered down any protruding spikes, and cleared away obscuring vegetation. The father of the injured child appealed the grant of summary judgment in the property owner's favor, contending that the owners' actions constituted spoliation of evidence, created a presumption in his favor, and precluded summary judgment. Id. at 796 (1).

We first summarized the law pertaining to spoliation, noting that "even if evidence was wrongfully destroyed, the injured party still must show prejudice, and the grant of summary judgment is appropriate if the injured party cannot establish any causal link between the failure of his underlying claims and the alleged misconduct by the defendant." (Citations and punctuation omitted.) *Craig*, supra at 797 (1). We concluded that the father had failed to

> establish any causal link between the failure of his premises liability and attractive nuisance claims and the alleged misconduct by the owners. The dismissal of those claims was warranted for separate and independent reasons relating to [the owners'] lack of actual or constructive knowledge, as explained infra in Divisions 2 and 3. The owners' actions, therefore, did not preclude the trial court's grant of summary judgment in their favor. [Cits.]

Id. at 797-798. Here, the only inference that could be drawn from Isham's alleged destruction of evidence would be that a paper clip was on the floor when Isham came to the scene after Davenport's fall, not that it was on the floor when the area was inspected earlier. The alleged spoliation therefore has no effect on Davenport's underlying claim or on Fred's defense to that claim. Id.; see also *Sharpnack v. Hoffinger Indus.*, 231 Ga. App. 829, 830 (499 SE2d 363) (1998). The trial court therefore erred in denying summary judgment to Fred's on this basis.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 23, 2010.

*Goodman, McGuffey, Lindsey & Johnson, Peter Muller*, for appellant.

*John T. Croley, Jr.*, for appellee.