A10A2282. LUSTRE-DIAZ v. ETHERIDGE et al.
(709 SE2d 309)

DOYLE, Judge.
Following an automobile collision, Sergio Lustre-Diaz, a passenger in one of the vehicles, sued Willie Stancil Etheridge and Farmland Dairies, LLC, seeking damages for injuries allegedly caused by the milk truck driven by Etheridge. After a trial, a jury returned a verdict in favor of the defendants, and Lustre-Diaz now appeals, contending that the trial court erred by finding no evidence of

[2] Id. at 339 (1).
[3] Id.
[4] See id.
[5] See id.

spoliation and failing to remedy the unavailability of certain photographic evidence. For the reasons that follow, we affirm.

The undisputed trial evidence showed that Lustre-Diaz was a passenger in a vehicle traveling westbound on a divided four-lane highway, as was the milk truck. At some point, Lustre-Diaz's vehicle, traveling in the left lane, crossed over the median and into the eastbound lanes, where it was struck by oncoming vehicles. At nearly the same time, the milk truck, which was on a delivery route, overturned into the median and eastbound lanes.

The parties disputed how the accident happened. Lustre-Diaz offered evidence that his vehicle was in the left lane and the milk truck was in the immediate right lane. Lustre-Diaz's driver testified that he slowed when he saw a patch of ice on the road, and the milk truck hit him from the right side, sending him left across the median and into oncoming traffic. By contrast, the milk truck driver testified that he was traveling in the left lane at all relevant times, his truck never touched Lustre-Diaz's car, and he swerved into the median to avoid an unrelated vehicle abruptly cutting him off. Therefore, the defendants argued that Lustre-Diaz's injuries were caused by the ice, not the milk truck.

The trial evidence included various photographs taken of the vehicles involved. During discovery, the defendants responded to a discovery request for relevant photographs by providing black and white photocopies of photographs of the milk truck. Also during discovery, Lustre-Diaz asked for color copies of the photographs, and the defendants' counsel replied in a letter that "I do not have color copies of those photographs in my file. I believe the majority of the photographs were taken by the investigating officer. If I am able to secure color copies, I will provide you with a copy." Five days prior to trial, Lustre-Diaz served a notice to produce all original photographs taken of the milk truck by "Defendants, their representatives, insurance company or the adjusting company." No original photographs were produced.

At trial, during questioning of Lustre-Diaz's expert, Lustre-Diaz's counsel made a reference to the lack of certain original photographs of the milk truck, copies of which had been produced. The defendants objected, explaining that they had never possessed originals, they only had copies, and they produced their copies to Lustre-Diaz. The trial court found no evidence of spoliation and limited questioning as to the unavailability of any photographs. Similarly, the trial court denied Lustre-Diaz's written request to charge stating that Lustre-Diaz "seeks to recover damages based upon a claim of spoliation of evidence" and listing proposed elements of such a claim.

Lustre-Diaz contends that the trial court erred by finding no

evidence of spoliation and declining to provide any remedies. Lustre-Diaz points to the undisputed fact that the defendants produced black and white photocopies of photographs, which, he argued, showed that the defendants or their agents at one time had original photographs that were not produced despite appropriate pre-trial discovery requests and notice to produce. Based on the record before us, we discern no reversible error.

> Trial courts have the power to control the behavior of litigants before them to maintain the integrity of the judicial process, and this power includes the discretion to fashion appropriate remedies for the spoliation of evidence. Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation. Sanctions may be imposed against a litigant based on a third party's spoliation of evidence if the third party acted as the litigant's agent in destroying or failing to preserve the evidence. We will not disturb a trial court's [decision on the] imposition of sanctions for evidence spoliation unless the court abused its discretion. Moreover, we will uphold a trial court's finding [with respect to] wilful discovery abuse if there is any evidence to support it. In determining whether to impose sanctions for evidence spoliation, trial courts routinely and necessarily make factual findings about whether spoliation occurred, whether the spoliator acted in bad faith, the importance of the compromised evidence, and so on. . . . The trial court — not the jury — determines what evidence the jury may hear and which issues it must resolve.[1]

Here, it is undisputed that original photographs existed at some point, because the defendants were in possession of copies. However, those copies were produced to Lustre-Diaz, and the issue is whether the defendants or their agents were in possession of *original* photographs that were not produced. During trial, defense counsel explained that the originals could have been useful to the defense as well, and he represented to the trial court that the defendants had produced "every photograph that I had, black and white. I did not have any originals. I followed up with my client constantly."[2] Based on the arguments made and the evidence presented, the trial court

---

[1] (Punctuation and footnotes omitted.) *Bouvé & Mohr, LLC v. Banks*, 274 Ga. App. 758, 762 (1) (618 SE2d 650) (2005).

[2] It appears from the record that some photographs were taken by law enforcement investigators.

made the factual determination that neither the defendants nor their agents were ever in possession of original photographs, and we find no basis in the record for reversing this factual finding.[3] We are cognizant that it is possible and indeed plausible that the photographs in question were taken by the defendants' insurance company, which could be deemed their agent and support a finding of spoliation.[4] Nevertheless, based on our review of the record, we can only speculate as to the origin of the photographs at issue and whether they were ever in the control of defendants or their agent. Such speculation is not a basis for reversing a trial court's explicit factual finding.[5]

Furthermore, we note that the utility of the photographs in question is limited by their content. Lustre-Diaz alleged that the milk truck contacted his vehicle as the truck moved from the right lane into the left lane where Lustre-Diaz was traveling. As argued by Lustre-Diaz, the evidentiary value of the photographs was to dispute the milk truck driver's testimony that the vehicles did not touch by determining if any paint from Lustre-Diaz's car was on the driver's side of the milk truck. The quality of the photocopies available makes them inconclusive on this point. However, only one of the photographs in question depicted the driver's side of the milk truck, which was heavily damaged when the truck rolled and came to rest onto that side, and the photograph was taken from some distance and provided only an indirect view of the driver's side of the truck.

Based on the facts of this case and the record before us, we discern no reversible error in the trial court's ruling.[6] Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Ellington, C. J., and Andrews, J., concur.*

DECIDED MARCH 17, 2011 —
RECONSIDERATION DENIED MARCH 31, 2011 — 

*Greer, Klosik, Daugherty & Swank, John F. Daugherty, Laura H. Mirmelli*, for appellant.

---

[3] See *AMLI Residential Properties v. Ga. Power Co.*, 293 Ga. App. 358, 361 (1) (667 SE2d 150) (2008) ("Whether . . . remedies are warranted . . . is a matter for the trial court to decide.") (punctuation omitted).

[4] See, e.g., *R.A. Siegel Co. v. Bowen*, 246 Ga. App. 177, 179-183 (2) (539 SE2d 873) (2000) (spoliation finding against defendant affirmed because defendant's insurance company allowed vehicle to be sold during pendency of suit despite an order to preserve it).

[5] See, e.g., *Taylor v. N. I. L., Inc.*, 221 Ga. App. 99, 100 (470 SE2d 491) (1996) ("Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact. . . .") (punctuation omitted).

[6] See *Martin v. Reed*, 200 Ga. App. 775 (1) (409 SE2d 874) (1991) (affirming denial of spoliation remedy based on the absence of evidence of spoliation).

*Sommers, Scrudder & Bass, Matthew P. Lazarus, Teddy L. Sutherland*, for appellees.