**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 29, 2017**

# In the Court of Appeals of Georgia

A17A0251. KENNETH PHILLIPS et al. v. OWNERS INSURANCE
COMPANY.

BETHEL, Judge.

Kenneth Phillips ("Phillips") and Cathy Phillips brought suit against Owners
Insurance Company ("Owners") alleging third-party spoliation of evidence, breach
of contract, promissory estoppel, and negligence. This appeal follows the trial court's
order granting Owners' motion for summary judgment with respect to Phillips' claim
for third-party spoliation of evidence. Although Phillips asks us to recognize an
independent tort of negligent third-party spoliation of evidence under Georgia law,
we decline to do so and therefore affirm the trial court's grant of summary judgment.

Because this case arises from a decision on Owners' summary judgment
motion, we view the facts in a light most favorable to Phillips as the non-moving

party. *Lau's Corp., Inc. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991). So viewed, on May 11, 2013, Phillips was involved in an auto accident in which his vehicle flipped following a tire blowout.[1] He sustained severe injuries and required extensive medical treatment. Phillips held an auto insurance policy with Owners at the time, and Owners became aware of the accident and Phillips' injuries a few days later. Because of the severity of the property damage, the vehicle was deemed to be a total loss.

Phillips' vehicle was stored at a garage in Swainsboro, Georgia. In a May 17, 2013, letter from Phillips' attorney, Owners was notified that Phillips was investigating the cause of the accident and that the vehicle needed to be held for that purpose. An adjuster from Owners later contacted Phillips' attorney and asked if the vehicle could be moved to a different garage in Savannah in order to reduce storage costs. During a May 31, 2013, phone conversation, a paralegal for Phillips' attorney again spoke with Owners' adjuster to discuss storage of the vehicle and preservation

---

[1] Because we construe the facts in the light most favorable to Phillips, for purposes of this case, both we and the trial court have assumed that the accident occurred as the result of a tire blowout, as alleged by Phillips. We take notice of the fact that no judgment has been entered, nor any liability assessed, against any tire manufacturer in regard to this accident and that Phillips has settled his claims against the manufacturer of the tires that were on his vehicle at the time of the accident.

of the tires for inspection as part of a potential products liability suit. During this conversation, they agreed that Owners would store the vehicle at the Savannah lot and would notify Phillips' attorney before moving it. Later that day, Phillips' attorney faxed a letter to the adjuster confirming the parties' understanding from the telephone call regarding the vehicle's storage location and Owners' agreement to notify Phillips' attorney before making any "change in the agreed upon storage location of Mr. Phillips' vehicle." Owners' adjuster received this fax and placed it in Phillips' claim file. The vehicle was moved to the Savannah facility, and the adjuster placed a "seller hold" on the vehicle.

Meanwhile, on or around May 20, 2013, in exchange for Phillips' agreement to execute a power of attorney and transfer the vehicle's title to Owners, Owners offered to settle Phillips' property damage claim arising from the accident. The parties agreed to this settlement on or about June 12, 2013, and the paperwork settling the property damage claim was prepared the next day. Phillips signed title to the vehicle over to Owners a week later.

The vehicle remained at the Savannah facility under Owners' seller hold for nearly a year and a half. In mid-October 2014, the owner of the storage lot indicated to the Owners' adjuster that Owners would begin incurring additional storage

3

charges. After receiving that notification, Owners released the seller hold, and the vehicle (including the tires) was sold a few days later. Owners did not notify Phillips or his attorney that the vehicle had been sold.

In December 2014, Phillips' attorney communicated a demand for damages to the tire manufacturer. In response to a request from the tire manufacturer, Phillips' attorney contacted Owners' adjuster in February 2015 to procure the damaged tire from Phillips' vehicle. This was apparently the first communication between Phillips (through his attorney) and Owners regarding the vehicle since the title to the vehicle was transferred to Owners, and it was the first time Phillips' attorney became aware that the vehicle had been sold.

Phillips later brought suit against the tire manufacturer, and the parties reached a settlement on the claim for a portion of Phillips' medical expenses from the accident. Claiming that the sale of the car foreclosed Phillips' opportunity to recover his full damages from the tire manufacturer, Phillips brought suit against Owners alleging third-party spoliation of evidence, breach of contract, promissory estoppel, and negligence. Owners moved for summary judgment on each claim. The trial court

granted that motion with respect to the claim of third-party spoliation of evidence, but denied it with respect to Phillips' remaining claims. This appeal followed.[2]

In his brief, Phillips correctly points out that only the non-binding decision in *Owens v. Amer. Refuse Sys., Inc.*, 244 Ga. App. 780, 781 (2) (536 SE2d 782) (2000) (physical precedent only) explicitly declines to recognize an independent cause of action for third-party spoliation of evidence. Pointing to a statement in this Court's decision in *Sharpnack v. Hoffinger Industries, Inc.,* 231 Ga. App. 829, 830 (499 SE2d 363) (1998) and noting further developments in the law since *Owens* was decided, he suggests that the facts of this case call for a "fresh look at this issue."[3]

---

[2] Owners also brought an appeal with regard to the trial court's denial of summary judgment on Phillips' claims for breach of contract and promissory estoppel. The trial court did not make a ruling on Phillips' negligence claim, noting that Owners' motion for summary judgment did not specifically ask the court to rule on that claim. We affirmed the trial court's denial of summary judgment on those claims in Case number A17A0252.

[3] In *Sharpnack*, we did not reach the question of whether to recognize an independent tort of spoliation as, in that case, the plaintiff's underlying claims for negligence and products liability were negated by an assumption of risk defense. *Sharpnack*, 231 Ga. App. at 830. Notably, in *Sharpnack*, the spoliation claim was made between parties to an underlying lawsuit, not as between a plaintiff and a third-party in possession of evidence relevant to the underlying claim. *Id.* at 829.

While a number of states have recognized causes of action for third-party spoliation of evidence (including many in the years since *Owens* was decided),[4] neither a statute nor any ruling of the Georgia Supreme Court has established third-party negligent spoliation of evidence as an independent tort in this state.[5] Likewise,

[4] These decisions have come with a variety of permutations, often (but not always) including a required showing of intent to destroy evidence on the part of the third-party defendant, the defendant's knowledge of potential or ongoing litigation for which the evidence is relevant, and some showing of the plaintiff's probability of success on the merits in the underlying litigation had the lost evidence been available. Only four states–Florida, Indiana, Montana, and West Virginia–appear to permit claims against third parties for negligent spoliation evidence. *See Townsend v. Conshor, Inc.*, 832 So.2d 166, 167 (Fla. Dist. Ct. App. 2002) (recognizing cause of action for third-party spoliation in Florida); *Thompson ex rel. Thompson v. Owensby*, 704 N.E.2d 134, 139-40 (Ind. Ct. App. 1998) (recognizing claim for third-party spoliation of evidence in Indiana); *Oliver v. Stimson Lumber Co.*, 993 P.2d 11, 19 (Mont. 1999) (recognizing torts of intentional and negligent spoliation of evidence against third parties in Montana); *Hannah v. Heeter*, 584 S.E.2d 560, 568 (W.Va. 2003) (recognizing torts of negligent and intentional spoliation of evidence against third parties in West Virginia). The remaining states that recognize claims for third-party spoliation of evidence appear to require intent or willfulness on the part of the spoliator. *See Hibbits v. Sides*, 34 P.3d 327, 329 (Alaska 2001) (recognizing cause of action for third-party spoliation in Alaska and requiring a showing of intent to interfere with underlying litigation); *Coleman v. Eddy Potash, Inc.*, 905 P.2d 185, 189 (N.M. 1995), *vacated on other grounds*, 34 P.3d 1148 (N.M. 2001) (recognizing tort of intentional spoliation of evidence in New Mexico); and *Smith v. Howard Johnson Co., Inc.*, 615 N.E.2d 1037, 1038 (Ohio 1993) (recognizing tort of willful spoliation of evidence against third parties in Ohio).

[5] We note that this Court's decision in *Lustre-Diaz v. Etheridge*, 309 Ga. App. 104, 106 (709 SE2d 309) (2011) recognized that sanctions for spoliation may be assessed against a litigant based on the conduct of a third party. However, such

6

dicta in *Gardner v. Blackston*, 185 Ga. App. 754, 755 (1) (365 SE2d 545) (1988) (physical precedent only) suggests that spoliation of evidence is not recognized as an independent cause of action in Georgia, even as a remedy between parties to underlying litigation.

In addition to his spoliation claim, Phillips also brought claims against Owners for breach of contract, promissory estoppel, and negligence, all based generally on the same underlying conduct. Despite the fact that Owners' motion for summary judgment was denied on Phillips' other claims, Phillips argues that he will be left without an adequate remedy for the injuries he suffered in the accident if a cause of action for third-party spoliation against Owners is not available to him. The facts of this case do not support that argument because Phillips has other potential avenues of recovering from Owners under existing law.

As we discussed in *Owens*, even without a cause of action for third-party spoliation of evidence,

---

sanctions are limited to situations in which the third-party is acting as an agent or contractual privy of a party to an underlying lawsuit when it destroys or fails to preserve the evidence at issue. *Id*. In this case, Phillips makes no allegation that Owners had privity of contract or an agency relationship with the tire manufacturer. Moreover, the remedy assessed by the court in *Lustre-Diaz* was a litigation sanction; it did not arise as part of a separate cause of action. *Id*. at 106-07. Thus, *Lustre-Diaz*, is inapposite to our analysis.

[a] vigilant litigant already has traditional means of securing evidence available. Those means include, for example, a court order directing preservation, along with remedies for a violation of that order, or a contractual agreement with the property owner.

*Owens*, 244 Ga. App. at 781 (2). As *Owens* suggests, each mechanism for securing evidence held or owned by a third party is paired with a means of enforcement (court sanction or damages for breach of contract) through which a plaintiff in Phillips' position could recover from a third party if the evidence is not preserved.

In this case, Phillips fails to show how a court order directing Owners to preserve the evidence would have been inadequate. Nothing in the record suggests that Phillips attempted to secure a court order regarding the evidence, and he makes no argument that he would have been unable to do so or that enforcement of a court order against Owners would have been inadequate to remedy his injuries.

Phillips also fails to show how a contract remedy (or a remedy fashioned through the related equitable doctrine of promissory estoppel) is inadequate. The record shows that, in anticipation of potential litigation, Phillips made efforts to preserve the evidence at issue by receiving Owners' promise to hold the wrecked vehicle and its tires and to consult with his attorney before moving or disposing of the vehicle. Phillips, of course, bears the burden of proving that these actions formed

a contract between the parties supported by consideration (or, alternatively that he relied upon this promise to his detriment).[6] Whether he can carry that burden is not at issue here, but the facts of this case do not highlight any unique barrier to securing evidence in anticipation of litigation by either entering into a contract with the owner of such evidence or obtaining a promise to preserve such evidence.

Phillips argues that, because evidence lost or destroyed by a third party may have only speculative value in the underlying litigation, plaintiffs in his situation have considerable difficulty proving actual damages in a breach of contract suit. He suggests that a tort claim for negligent spoliation would somehow avoid these difficulties and be more viable relative to contract claims. We disagree.

We acknowledge that the value of lost or destroyed evidence in an underlying suit may be difficult to prove and that the calculation of damages or sanctions arising from the unavailability of such evidence will be subject to significant dispute between the parties. However, this would be the case regardless of whether a duty to preserve the evidence arose from a court order, contract, promise, or the law of tort. Were we

---

[6] *See Goddard v. City of Albany*, 285 Ga. 882, 886 (684 SE2d 635) (2009) (party asserting promissory estoppel claim bears the burden of proving all elements of the claim, including detrimental reliance); *Adamson Co. v. Owens-Illinois Dev. Corp.*, 168 Ga. App. 654, 657 (309 SE2d 913) (1983) (plaintiff bears the burden of proving all elements of a breach of contract, including damages).

9

to recognize this cause of action, as in all torts, the calculation of damages would be an essential feature of any claim attempting to hold a third party accountable for spoliation of evidence. Accordingly, proving damages in a claim for third-party spoliation of evidence would be fraught with many of the same valuation problems that litigants are likely to confront in other types of actions involving spoliation of evidence, whether the theory of recovery is breach of contract, promissory estoppel, or enforcement of a judicial order. We thus find this argument unavailing.

As we find this Court's reasoning in *Owens* to be sound, and as the facts of this case do not suggest that the creation of new duties in tort is necessary to fill a gap in the remedies provided by judicial process, the law of contract, or the equitable doctrine of promissory estoppel, we affirm *Owens* and join a number of other states in declining to recognize an independent cause of action for third-party negligent spoliation of evidence.[7]

---

[7] *See, e.g., LaRaia v. Sup Ct.*, 722 P.2d 286, 290 (Ariz. 1986) (declining to recognize independent claim for spoliation of evidence in Arizona); *Forbes v. Cty. of San Bernadino*, 123 Cal. Rptr.2d 721, 726-27 (Cal. Ct. App. 2002) (precluding cause of action for negligent spoliation of evidence by third parties in California); *Reynolds v. Bordelon*, 172 So.3d 589, 594 (La. 2015) (holding that Louisiana does not recognize tort claim for third-party negligent spoliation of evidence); *Fletcher v. Dorchester Mut. Ins. Co.*, 773 N.E.2d 420, 422 (Mass. 2002) (declining to recognize tort action for third-party spoliation of evidence in Massachusetts); *Richardson v. Sara Lee Corp.*, 847 So.2d 821, 824 (Miss. 2003) (declining to recognize tort for

10

We note that Phillips also sued Owners for the same conduct under traditional principles of negligence. However, because Owners did not move for summary judgment on Phillips' negligence claim, we are precluded from considering whether such a claim is cognizable on the facts before us. Therefore, in affirming the trial court's grant of summary judgment on Phillips' claim for third-party spoliation of evidence, we expressly do not address whether the conduct at issue here is actionable under traditional negligence principles.[8]

*Judgment affirmed. McFadden, P. J., and Branch, J., concur.*

---

negligent spoliation of evidence by third parties in Mississippi); and *Met-Life Auto & Home v. Joe Basil Chevrolet, Inc.*, 807 N.E.2d 865, 868 (N.Y. 2004) (declining to recognize cause of action for third-party negligent spoliation of evidence in New York).

[8] A number of states have expressly declined to recognize a separate tort claim for spoliation of evidence but have recognized that such claims may be stated under traditional principles of negligence. *See, e.g., Smith v. Atkinson*, 771 So.2d 429, 432 (Ala. 2000) (recognizing cause of action for destruction of evidence by third party in Alabama under traditional negligence principles); *Dardeen v. Kuehling,* 821 N.E.2d 227, 231 (Ill. 2004) (declining to recognize spoliation of evidence as an independent tort in Illinois but permitting spoliation claims under existing negligence principles); *Timber Tech Engineered Bldg. Prods. v. The Home Ins. Co.*, 55 P.3d 952, 954-55 (Nev. 2002) (noting that a negligence claim for spoliation may exist in Nevada where evidence shows defendant owed a duty to plaintiff to preserve evidence); and *Elias v. Lancaster Gen. Hosp.*, 710 A.2d 65, 68 (Pa. Super. Ct. 1998) (spoliation of evidence not recognized as a separate cause of action in Pennsylvania). We express no opinion as to whether the laws of the State of Georgia recognize such a claim.