A06A0715. BAXLEY v. HAKIEL INDUSTRIES, INC. et al.

(633 SE2d 360)

JOHNSON, Presiding Judge.

After consuming a number of alcoholic beverages at two different bars, Mary Karafiat drove into Marcus Baxley, causing him serious brain damage and other injuries. Baxley then brought a negligence suit against Karafiat and the two alcohol providers. The trial court granted summary judgment to the providers on the ground that they had no actual or implied knowledge that Karafiat would soon drive. Baxley appeals, and we affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law.[1]

So viewed, the record shows that at around 4:30 p.m. on October 10, 2003, Mary Karafiat arrived at a bar and restaurant known as Brewsters, located in a strip mall, and accessible by foot or by car. Karafiat, who was a regular customer, arrived alone and sat at the bar, ordered between one and three alcoholic beverages, and ate some food. Her two sons and a friend joined her for a time, but left before she paid her bill. Brewsters had at least three surveillance cameras in operation on this evening, but none of these surveyed the area where Karafiat sat.

Karafiat left Brewsters at around 6:30 p.m., ran two errands, including the purchase of a bottle of Kahlua, and arrived at another bar, The Place, where she ordered a mixed drink and then cried in front of the server when she did not have the money to pay for it. At around 7:45 p.m., Karafiat left The Place in her own car. Soon afterward, she crashed into Marcus Baxley, who was riding his motorcycle at the time. Baxley suffered serious brain damage and other injuries as a result.

In June 2004, Baxley's guardian filed a negligence complaint against Karafiat and the owners of Brewsters and The Place. After discovery, the owners moved for summary judgment, which the trial court granted. On appeal, Baxley argues that the trial court erred in

---

[1] *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

granting summary judgment because an issue of material fact remains as to whether both bar owners had actual or implied knowledge that Karafiat would drive away from their respective establishments.

1. Baxley argues that because Brewsters recorded over its surveillance videotape of the bar area made on the night of the accident, the claim against Brewsters must be presumed well-founded under the spoliation doctrine.[2] The employee charged with replacing the videotapes each day testified that the cameras did not survey the area where Karafiat had been sitting, and that by the time she thought about the tape used on the night in question, it had been reused. Since the material thus erased would not have shed light on matters in dispute, and because Brewsters inadvertently destroyed the material long before suit was brought, the spoliation presumption does not apply.[3]

2. The Georgia Dram Shop Act provides in pertinent part that a person who

> knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such . . . person.[4]

As the Supreme Court of Georgia has held, a plaintiff need not prove that an alcohol provider had actual knowledge that the intoxicated person would soon drive.[5] Rather, if a provider in the exercise of reasonable care should have known *both* that the recipient of the alcohol was noticeably intoxicated *and* that the recipient would be driving soon, the provider will be deemed to have knowledge of that fact.[6] Our Supreme Court has recently emphasized, however, that the Act does not impose any affirmative duty on providers of alcohol "to determine the method by which a patron plans to depart the . . . establishment."[7]

---

[2] See OCGA § 24-4-22.

[3] See id. (in order for a claim to be presumed well-founded, the evidence by which a party may repel a claim or charge against him must be "in his power and within his reach"); *Johnson v. Riverdale Anesthesia Assoc.*, 249 Ga. App. 152, 155 (2) (547 SE2d 347) (2001) (since presumption of spoliation should apply only in exceptional circumstances involving wrongful conduct, trial court did not err in refusing to give charge concerning doctor's failure to complete patient's chart).

[4] OCGA § 51-1-40 (b).

[5] *Riley v. H & H Operations*, 263 Ga. 652, 654 (2) (436 SE2d 659) (1993).

[6] Id. at 655 (2).

[7] *Sugarloaf Café v. Willbanks*, 279 Ga. 255, 256 (612 SE2d 279) (2005); see also *Delta*

Here, Baxley can show only that Karafiat drove herself away from both establishments, and argues on that basis alone that a question of fact remains as to whether the providers should have known that she would do so. "When a party is relying on inferences to prove a point, not only must those inferences tend in some proximate degree to establish the conclusion sought, but must also render less probable all inconsistent conclusions."[8] Baxley therefore had a responsibility to provide some evidence, either circumstantial or direct, allowing a reasonable inference that the providers here knew or should have known that Karafiat would soon drive away from their establishments *on this particular occasion.*

The undisputed evidence shows, however, that patrons of both establishments sometimes arrived or departed on foot or by taxi. Baxley has also failed to provide any evidence that anyone associated with either provider knew or should have known that Karafiat would drive away on this particular evening, whereas employees at both establishments testified that they had no information suggesting that Karafiat was going to drive away from either place. Since "a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists,"[9] the trial court did not err when it granted summary judgment to the alcohol providers here.[10]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 9, 2006 —
RECONSIDERATION DENIED JUNE 23, 2006 — 

*Houck & Ilardi, Frank A. Ilardi, Thomas W. Malone,* for appellant.

*Hall, Booth, Smith & Slover, Terrell W. Benton III, Carlock, Copeland, Semler & Stair, Frederick M. Valz III, Laura D. Tubbs,* for appellees.

---

*Airlines v. Townsend,* 279 Ga. 511, 515 (1) (614 SE2d 745) (2005) (airline providing alcohol "has no way of knowing whether any of its passengers will 'soon' be operating a vehicle as opposed to remaining at the airport or departing by some other means of transportation").

[8] *Page v. Atlanta Center Ltd.,* 219 Ga. App. 422, 424 (465 SE2d 456) (1995).

[9] (Citations and punctuation omitted.) *Haley v. Regions Bank,* 277 Ga. 85, 89 (1) (586 SE2d 633) (2003).

[10] See *Sugarloaf, supra;* compare *Griffin Motel Co. v. Strickland,* 223 Ga. App. 812, 815 (2) (479 SE2d 401) (1996) (defendant motel bar should have known that the patron who had been drinking with the manager would be driving when the desk clerk observed patron help a fallen companion into the truck, get into the truck himself, and leave the motel).