S06G1899. BAXLEY v. HAKIEL INDUSTRIES, INC. et al.

(647 SE2d 29)

HUNSTEIN, Presiding Justice.

After consuming alcohol at Brewsters and The Place, Mary Karafiat was involved in an automobile accident with motorcyclist Marcus Dwayne Baxley, who was seriously injured. Brewsters's manager learned of the accident that night and of Karafiat's involvement the next day. Knowing that Karafiat, a "somewhat" regular customer, had been at Brewsters prior to the accident, the manager questioned her staff as to what Karafiat had been served. Brewsters had three video cameras in operation on the premises, but the tape

from the date of the accident was reused and recorded over after four days, in the regular course of business.

Baxley's guardian filed suit against Karafiat; Hakiel Industries, Inc. d/b/a "Brewsters"; and Behnamiri & Assoc., LLC d/b/a "The Place." The trial court granted summary judgment to the owners of Brewsters and The Place on Baxley's claims brought pursuant to the Georgia Dram Shop Act, OCGA § 51-1-40 (b), noting that although there was an issue of fact regarding whether Karafiat was noticeably intoxicated when served alcohol, there was an absence of a triable issue regarding these defendants' constructive knowledge that Karafiat would soon be driving. The Court of Appeals affirmed in *Baxley v. Hakiel Indus.*, 280 Ga. App. 94 (633 SE2d 360) (2006). We granted certiorari to consider whether a spoliation presumption should have been applied to the claims against Brewsters due to the destruction of the videotaped material from the night of the accident.[1] See id. at 95 (1).

" 'Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation.' " (Footnote omitted.) *Bouvé & Mohr, LLC v. Banks*, 274 Ga. App. 758, 762 (1) (618 SE2d 650) (2005). Such conduct " 'creates the presumption that the evidence would have been harmful to the spoliator.' " (Footnote omitted.) *American Multi-Cinema, Inc. v. Walker*, 270 Ga. App. 314, 317 (2) (b) (605 SE2d 850) (2004). See also OCGA § 24-4-22. Proof of spoliation raises "a rebuttable presumption against [the spoliator] that the evidence favored [the spoliator's opponent], a fact rendering summary judgment inappropriate. [Cit.]" *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 525 (484 SE2d 249) (1997). Compare *Sharpnack v. Hoffinger Indus., Inc.*, 231 Ga. App. 829, 831 (499 SE2d 363) (1998) (grant of summary judgment to defendant not error when plaintiff cannot establish meaningful link between underlying claims and alleged spoliation).

There was proof of spoliation here, as Brewsters's manager was aware of her customer's involvement in the accident at issue and took steps to investigate the day after it occurred, yet failed to preserve the recording of the pertinent events and allowed any potential videotaped evidence to be destroyed. Although the manager stated that she did not see a need to save the recording because there was no camera covering the area where Karafiat was sitting, a meaningful link between Baxley's claims against Brewsters and the spoliation existed, as the recording could have contained evidence relevant to the

---

[1] Because The Place did not have any cameras or videotaping equipment in operation at the time of these events, we do not address the propriety of the trial court's grant of summary judgment to this defendant.

critical issue of whether Karafiat would soon be driving, e.g., an image of her walking through Brewsters with keys in hand or leaving with another person.

Thus, because Brewsters's manager was aware of the potential for litigation and failed to preserve whatever videotaped evidence may have been captured as to whether Karafiat would soon be driving, a rebuttable presumption arose against Brewsters. Accord *J.B. Hunt Transport, Inc. v. Bentley*, 207 Ga. App. 250, 256-257 (427 SE2d 499) (1992) (reasonable to presume evidence destroyed by defendant in normal course of business after its accident investigation had begun would have favored plaintiff). It follows that the Court of Appeals erred by affirming the trial court's grant of summary judgment to this defendant.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 25, 2007 —
RECONSIDERATION DENIED JULY 26, 2007.

*Thomas W. Malone, Houck & Ilardi, Stuart B. Houck, Frank A. Ilardi*, for appellant.

*Carlock, Copeland, Semler & Stair, Frederick M. Valz III, Ambadas B. Joshi, Bryce W. Mowbray III, Hall, Booth, Smith & Slover, Jack G. Slover, Jr., Terrell W. Benton III, Magill & Atkinson, Thomas E. Magill, Laura D. Tubbs, Del Percilla, Jr.*, for appellees.