S09G0490. SILMAN et al. v. ASSOCIATES BELLEMEADE et al.

(685 SE2d 277)

MELTON, Justice.

We granted certiorari in this case to determine whether the Court of Appeals erred by failing to apply this Court's recent decision in *Baxley v. Hakiel Industries*, 282 Ga. 312 (647 SE2d 29) (2007) to the facts involved here. See generally *Silman v. Assocs. Bellemeade*, 294 Ga. App. 764 (669 SE2d 663) (2008). For the reasons that follow, we affirm the decision of the Court of Appeals.

The record reveals that, in July 2004, Merdean Silman was standing on the back deck of a house rented by Lamar and Nancy Scott when the deck collapsed. Silman was injured, and she and her husband sued the Scotts, Associates Bellemeade (the property owner), and McCreary Realty Management, Inc. (the property management company) (for ease of reference, Associates Bellemeade and McCreary Realty Management, Inc., will hereinafter be referred to collectively as "Bellemeade"). Bellemeade moved for summary judgment, arguing that it had no notice that the deck was defective, and the Silmans moved for sanctions, arguing that Bellemeade spoliated evidence by destroying the deck despite knowing that litigation would ensue. The trial court granted summary judgment to Bellemeade and denied the Silmans' motion for sanctions. The Court of Appeals affirmed, holding that "there [was] no evidence that Bellemeade had actual or constructive knowledge of a defect in the construction or of a condition of the deck that caused [Mrs.] Silman's injuries" and that Bellemeade's removal of deck debris from the Scott's yard did not create a presumption that the removed evidence would have been harmful to Bellemeade because there was "no evidence showing that litigation was pending or contemplated when Bellemeade had the deck debris removed."[1] *Silman*, supra, 294 Ga. App. at 767 (3).

The Silmans challenge this conclusion by noting that the Court of Appeals did not cite to this Court's decision in *Baxley*, supra, where we reversed the grant of summary judgment to the owners of a bar who had destroyed a videotape that was made on the night that an intoxicated patron had left the bar and gotten into a car accident, "because [the bar's] manager was aware of the *potential* for litigation and failed to preserve whatever videotaped evidence may have been captured as to whether [the bar patron] would soon be driving, [which raised] a rebuttable presumption . . . against [the bar]." (Citation omitted; emphasis supplied.) Id. at 314. The Silmans contend that, because the "*potential* for litigation" could exist even

---

[1] In fact, Silman did not file suit until two years after the incident.

where litigation is not actually *"contemplated or pending,"* the use of the phrase "potential for litigation" in *Baxley* expanded the spoliation standard from prior case law which stated that "[s]poliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation." *Bridgestone/ Firestone North American Tire v. Campbell Nissan North America*, 258 Ga. App. 767, 768 (574 SE2d 923) (2002).

The Silmans' expansive interpretation of *Baxley*, however, is incorrect. The phrase highlighted by the Silmans, when placed in its proper context, in no way changed or expanded prior case law relating to the spoliation of evidence, but rather reaffirmed it. In *Baxley*, this Court specifically cited to *Bouvé & Mohr, LLC v. Banks*, 274 Ga. App. 758, 762 (1) (618 SE2d 650) (2005), to *reaffirm* the proposition that "[s]poliation refers to the destruction or failure to preserve evidence that is necessary to *contemplated or pending litigation*." (Punctuation omitted; emphasis supplied.) *Baxley*, supra, 282 Ga. at 313. Thus, the phrase "potential for litigation" from *Baxley* refers to litigation that is actually "contemplated or pending," and nothing more. Accordingly, although it did not cite to *Baxley*, the Court of Appeals correctly applied the same valid spoliation standards set forth in other precedent to the facts of this case. We therefore affirm the judgment of the Court of Appeals.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Kevin A. Adamson*, for appellants.

*Sharon W. Ware & Associates, Lynn M. Leonard, Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Pamela N. Lee*, for appellees.