## A11A1489. PAGGETT v. THE KROGER COMPANY.

(716 SE2d 792)

MCFADDEN, Judge.

On September 11, 2009, Glenn Paggett slipped and fell while getting out of his vehicle at a gas station owned by The Kroger Company. Paggett brought an action for negligence against Kroger. The trial court granted Kroger's motion for summary judgment, concluding that there was no evidence of a dangerous condition at the gas station and determining that Paggett was not entitled to a spoliation presumption based on Kroger's inability to produce a surveillance videorecording of the gas station on the day of the fall. Finding no error in the trial court's ruling, we affirm.

1. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Hutto v. CACV of Colorado, LLC*, 308 Ga. App. 469 (707 SE2d 872) (2011). In premises liability cases, summary judgment is granted only when the evidence is plain, palpable, and undisputed. *Dickerson v. Guest Svcs. Co. &c.*, 282 Ga. 771-772 (653 SE2d 699) (2007). We review the grant or denial of summary judgment de novo, construing the evidence in favor of the nonmovant. *Hutto*, supra.

So viewed, the evidence shows that it had rained on the day of the fall, but at the time of the fall the rain had stopped. Paggett, accompanied by his wife, pulled next to a pump at the gas station. He did not see any liquid on the pavement. As he got out of the vehicle, however, his "left leg hit some kind of foreign substance or something and it slipped out from under [him]," causing him to fall to the ground. He deposed: "[W]hen I slipped in it, I felt kind of wet, you know, behind and . . . the back of my head, but I didn't really examine what it [was]. All I know, whatever it [was] was slippery." After the fall, Paggett's clothing was wet. He did not determine the nature of the substance that had made his clothing wet, and neither he nor his wife inspected the ground to determine what had caused his fall. A Kroger manager called to the scene shortly after the fall, however, deposed that Paggett had fallen in rainwater.

The threshold question in a slip and fall case is whether a dangerous condition existed. *Drew v. Istar Financial*, 291 Ga. App. 323, 325 (1) (661 SE2d 686) (2008).

> In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor, because the true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitee to an *unreasonable risk* of harm.

(Citations and punctuation omitted; emphasis in original.) Id. at 324-325. A slippery condition on an outdoor surface that is caused solely by rainwater presents no unreasonable risk of harm. See, e.g., *Dickerson*, supra at 772; *Emory Univ. v. Smith*, 260 Ga. App. 900, 901 (581 SE2d 405) (2003); *Cohen v. Target Corp.*, 256 Ga. App. 91, 93 (567 SE2d 733) (2002). "It is common knowledge that water accumulates on the ground on rainy days, and the risk of harm imposed by this accumulation is not unreasonable but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate." (Citation and punctuation omitted.) *Dickerson*, supra.

There is no dispute that it had been raining on the day of Paggett's fall, and although he deposed that the rain had ceased and the ground was no longer wet, he also deposed that he slipped and fell in a substance that made his clothing wet. The only record evidence regarding that substance was the deposition testimony of the Kroger unit manager, who identified it to be rainwater, and the deposition testimony of Paggett, who did not inspect the substance and could not speak to its nature.

Through the unit manager's deposition testimony that Paggett slipped in rainwater, Kroger discharged its summary judgment burden, thereby requiring Paggett to point to specific evidence giving rise to a triable issue to avoid summary judgment. See *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). Paggett, however, failed to present any evidence that he was exposed to a condition presenting an unreasonable risk of harm. He hypothesizes that the substance in which he slipped was something other than rainwater, pointing to the unit manager's deposition testimony that sometimes other liquids collected on the pavement near the gas pumps (such as drinks spilled by customers, fluids leaked from vehicles, or gas that had overflowed from a pump). But unlike in *Williams v. EMRO Marketing Co.*, 229 Ga. App. 468, 470 (494 SE2d 218) (1997) (physical precedent only), cited by Paggett, there was no evidence, direct or circumstantial, that the substance in which he slipped was one of those other liquids. Paggett's conjecture that the substance might have been something other than rainwater does not establish a genuine issue of material fact on the existence of a dangerous condition. See *Mansell v. Starr Enterprises*, 256 Ga. App. 257, 259 (568 SE2d 145) (2002).

Paggett argues that there is a factual question as to whether Kroger maintained reasonable inspection procedures at the gas station. Assuming without deciding that Paggett is correct, this does not require a different result in light of the lack of a genuine issue of material fact on the threshold question of the existence of a dangerous condition at the gas station. "Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had

any knowledge of the danger, and therefore no recovery for the plaintiff." (Citation omitted.) *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 367 (604 SE2d 235) (2004). The trial court did not err in granting summary judgment to Kroger. See *Drew*, supra at 325 (1); *Ford v. Bank of America Corp.*, 277 Ga. App. 708, 709-710 (627 SE2d 376) (2006).

2. Paggett contends that he was entitled to a spoliation presumption that a surveillance videorecording of the gas station, which was made on the day of his fall but which Kroger did not preserve, would have been harmful to Kroger. See *Baxley v. Hakiel Indus.*, 282 Ga. 312, 313 (647 SE2d 29) (2007) (proof of spoliation raises rebuttable presumption against spoliator that evidence favored spoliator's opponent). "[S]poliation refers to the destruction or failure to preserve evidence that is necessary to *contemplated or pending litigation.*" (Citation and punctuation omitted; emphasis supplied.) *Silman v. Assocs. Bellemeade*, 286 Ga. 27, 28 (685 SE2d 277) (2009).

> But notice of potential *liability* is not the same as notice of potential *litigation*. To meet the standard for proving spoliation, the injured party must show that the alleged tortfeasor was put on notice that the party was contemplating litigation. The simple fact that someone is injured in an accident, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation.

(Citations and punctuation omitted; emphasis in original.) *Craig v. Bailey Bros. Realty*, 304 Ga. App. 794, 796-797 (1) (697 SE2d 888) (2010). The trial court has wide discretion in resolving spoliation issues, and we will not disturb its ruling absent abuse. *Kitchens v. Brusman*, 303 Ga. App. 703, 705 (1) (694 SE2d 667) (2010).

The trial court found that Kroger did not have notice that Paggett was contemplating litigation when the videorecording was destroyed. There is no evidence in the record of exactly when that occurred. Paggett contends, however, that Kroger was put on sufficient notice to require the preservation of the footage as early as the day of the fall. He points to evidence that, immediately after the fall, the Kroger unit manager filled out a standardized "Slip/Fall Incident Report" that contained the following pre-printed language: "This report is being prepared in anticipation of litigation under the direction of legal counsel." But the unit manager's deposition testimony reflects that, at the time he filled out the Incident Report, he did not believe that Paggett's fall might lead to litigation. He did not complete the entire report form or conduct the investigation directed therein, because he thought certain portions of the form

were not relevant to Paggett's fall, given that Paggett had slipped in rainwater. The unit manager also did not review the videorecording. And the unit manager deposed that he would not knowingly discard any information that might be relevant to a potential lawsuit.

Under these circumstances, we cannot say that the trial court abused its discretion in finding that Paggett had not demonstrated that he was entitled to a spoliation presumption. See *Lustre-Diaz v. Etheridge*, 309 Ga. App. 104, 106-107 (709 SE2d 309) (2011) (affirming trial court's denial of spoliation remedies where, based on arguments made and evidence presented, court made explicit factual finding that spoliation had not occurred, and appellate record did not provide basis for reversing that factual finding). Cases cited by Paggett on this point are inapposite because the defendants in those cases took more action to investigate potential litigation than incompletely filling out a standardized slip and fall incident form. See *Baxley*, supra at 313 (bar manager, upon learning that regular customer had been involved in vehicle accident after leaving the bar, questioned staff about what customer had been served); *J. B. Hunt Transport v. Bentley*, 207 Ga. App. 250, 252-253 (427 SE2d 499) (1992) (defendant retained services of Equifax to investigate truck accident prior to destroying daily log of driver involved in accident).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 15, 2011.

*Broadnax & Martin, Shone L. Broadnax*, for appellant.
*Douglas A. Wilde*, for appellee.