**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 18, 2013**

# In the Court of Appeals of Georgia

A12A2382. POWERS v. SOUTHERN FAMILY MARKETS OF
EASTMAN, LLC d/b/a PIGGLY WIGGLY.

RAY, Judge.

After Sylvia Powers slipped and fell in a Piggly-Wiggly grocery store owned
and operated by Southern Family Markets of Eastman, LLC ("Southern"), she filed
a complaint for damages against Southern in the Superior Court of Dodge County.[1]
Prior to trial, Powers filed a motion for sanctions based on alleged spoliation of video
evidence and a motion to compel discovery. After oral argument, the trial court
denied Powers' spoliation motion and entered an order resolving the discovery
disputes. The trial court also granted Southern's motion in limine prohibiting both

---

[1] Although the initial complaint was filed against C & S Wholesale Grocers,
Inc. d/b/a PigglyWiggly, the complaint was subsequently amended naming Southern
Family Markets of Eastman, LLC d/b/a Piggly Wiggly as the defendant.

parties from making any argument or eliciting any testimony concerning the alleged spoliation of video evidence. Following a jury trial, the jury returned a verdict in favor of Southern. Powers appeals, contending the trial court erred (1) in denying her motion regarding spoliation of the video evidence and (2) in excluding all testimony regarding such evidence. In addition, Powers contends the trial court erred in its ruling on her motion to compel discovery. For the reasons explained below, we affirm.

The evidence shows that, on May 27, 2008, Powers went to into the Piggly-Wiggly store to shop for groceries. After paying for her selected items, Powers was attempting to exit the store when she slipped and fell. Although Powers testified that she did not see anyone mopping the floor prior to her fall, an employee of Dimitrov's Cleaning Service, an independent contractor, had been cleaning the floors in the vicinity where Powers fell. When the store manager, Mike Law, responded to the incident, he observed two "wet floor" signs and a mop machine in the area where Powers had fallen. When he asked Powers what had happened, she told him that she knew the floor was wet, and she stated that she thought she would be okay and that she did not need any medical assistance. After Powers walked out of the store, Law went back to his office and signed an incident report, which he is required to do in the

ordinary course of business whenever a slip and fall occurs. It was Law's responsibility to perform investigations and gather information concerning incidents that occurred in the store. As a part of his investigation of this case, Law drew a diagram of the incident and took pictures of the area where the incident occurred.

After his initial investigation, Law reported the incident to Southern's risk manager, Gina Vitello, and Southern's third-party administrator, just as he was required to do with any type of incident that occurs on store property. In turn, the third-party administrator contacted Powers as a customer service to ensure that she was okay and to follow up on the initial investigation of the incident. During this follow-up interview, there was no indication of contemplated litigation, nor was there any indication that Powers would be seeking legal counsel or otherwise attempting to take legal action against Southern. As a result, Law did not take any affirmative steps to preserve any video from the day of the incident, and the store video was ultimately recorded over, as would normally occur with any other video footage at the store.

On August 22, 2008, approximately three months after the incident, Southern received notice of contemplated litigation when it was contacted by Powers' attorney.

However, by this time the store's video footage from the day of the incident no longer existed.

**Approximately nine months after the incident, Powers filed suit. As a part of her written discovery requests, Powers asked Southern to produce a copy of any video recording of the store from the day of the incident. In response, Southern stated that it did not have possession, custody, or control of any video recording of the incident. Thereafter, Powers filed her motion for sanctions for spoliation of evidence.**

**1. Powers contends that the trial court improperly denied her motion regarding spoliation of evidence, arguing that the trial court erred in finding that "because no litigation was contemplated or pending when the tape was recorded over or otherwise not preserved, . . . no spoliation of evidence occurred." We find no merit in this contention.**

**The trial court has wide discretion in resolving spoliation issues, and we will not disturb its ruling absent abuse.[2]**

---

[2] *Kitchens v. Brusman*, 303 Ga. App. 703, 705 (1) (694 SE2d 667) (2010).

4

"[S]poliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation."[3] However, this Court has held that

> notice of potential *liability* is not the same as notice of potential *litigation*. To meet the standard for proving spoliation, the injured party must show that the alleged tortfeasor was put on notice that the party was contemplating litigation. The simple fact that someone is injured in an accident, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation.[4]

As stated above, the trial court found that Southern did not have notice that Powers was contemplating litigation when the video was recorded over or otherwise not preserved. Citing *Baxley v. Hakiel Industries, Inc.*,[5] Powers contends that Law's actions in completing the incident report, taking pictures, and drawing a diagram of the incident scene immediately after the accident demonstrate that Southern was anticipating litigation. However, this contention

---

[3] (Citation and punctuation omitted.) *Silman v. Assocs. Bellemeade*, 286 Ga. 27, 28 (685 SE2d 277) (2009).

[4] (Citations and punctuation omitted; emphasis in original.) *Craig v. Bailey Bros. Realty, Inc.*, 304 Ga. App. 794, 796–797 (1) (697 SE2d 888) (2010).

[5] 282 Ga. 312 (647 SE2d 29) (2007).

5

is not supported by the record.[6] Although the standardized incident form that Law signed contained pre-printed language that the report was "prepared in anticipation of litigation," Law's testimony reflects that, at the time he completed the incident report, he thought that Powers was unharmed and did not believe that her fall might lead to litigation. The evidence further shows that Law's actions in investigating and reporting the incident were matters of routine practice that he was required to follow when any slip and fall occurred on the premises. Furthermore, we have held that the mere contemplation of potential liability and the completion of an accident report after an investigation do not demonstrate contemplated or pending litigation.[7]

Under these circumstances, we cannot say that the trial court abused its discretion in finding that Southern had no notice that litigation was

---

[6] See *Silman*, supra. (The Supreme Court of Georgia clarified the language in *Baxley* which could be construed as an expansion of the spoliation standard and reaffirmed that spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation).

[7] *Watts & Colwell Builders, Inc. v. Martin*, 313 Ga. App. 1, 5 (1) (720 SE2d 329) (2011).

6

**contemplated or pending at the time the video was not preserved and, thus, that no spoliation occurred.**[8]

**2. Powers also contends that the trial court erred by not allowing her to question Law at trial about why he did not save the video from the day of the incident. We disagree.**

**"We review a trial court's ruling on a motion in limine for abuse of discretion. A motion in limine is properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial."**[9]

**In light of its ruling that no spoliation of evidence occurred in this case, the trial court granted Southern's motion in limine, prohibiting both parties from arguing or eliciting testimony regarding the prior availability or the absence of video evidence from the day of the incident. A trial court may exercise its discretion to exclude "relevant evidence if its probative value is substantially**

---

[8] *Paggett v. The Kroger, Co.*, 311 Ga. App. 690, 692-693 (2) (716 SE2d 792) (2011). See also *Lustre–Diaz v. Etheridge*, 309 Ga. App. 104, 106–107 (709 SE2d 309) (2011) (affirming the denial of spoliation remedies where, based on arguments made and evidence presented, the trial court made explicit factual finding that spoliation had not occurred, and appellate record did not provide basis for reversing that factual finding).

[9] (Punctuation and footnote omitted.) *Hankla v. Jackson*, 305 Ga. App. 391, 392 (1) (699 SE2d 610) (2010).

**outweighed by the risk that its admission will confuse the issue, mislead the jury, or create substantial danger of undue prejudice."[10] Had the trial court allowed Powers to question Law about the absence of the video, it would have created the presumption under OCGA § 24-4-22[11] that the claims asserted against Southern were well-founded. As the record shows that no spoliation occurred and that Southern did not intentionally destroy any video footage of the incident, this presumption would mislead the jury and create undue prejudice. Furthermore, there is no evidence in the record that any of the video cameras in the store would have recorded the incident in question and, thus, there has been no showing that the video footage would have been relevant to the issues being tried**

---

[10] (Citation and punctuation omitted.) *D. G. Jenkins Homes, Inc. v. Wood*, 261 Ga. App. 322, 325 (2) (582 SE2d 478) (2003).

[11] This Code section, which was in effect at the time of trial, has been repealed by Laws 2011, Act 52, § 2, effective January 1, 2013.

in this case.[12] Accordingly, we decline to find that the trial court abused its discretion in excluding testimony concerning the absence of video evidence.[13]

3. In enumerations of error regarding the trial court's ruling on her motion to compel discovery, Powers contends that the trial court erred by (1) not allowing her to have addresses for certain witnesses, and (2) requiring her to sign a confidentiality agreement before receiving Southern's inspection policy. We discern no error.

"The trial court's discretion in dealing with discovery matters is very broad, and this [C]ourt has stated on numerous occasions that it will not interfere with the exercise of that discretion absent a clear abuse."[14]

---

[12] See OCGA § 24-2-1, which provides that "[e]vidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." This Code section, which was in effect at the time of trial, has been repealed by Laws 2011, Act 52, § 2, effective January 1, 2013.

[13] Compare *Kitchens*, supra at 704-709 (1) (a) - (c) (trial court found that no spoliation of evidence occurred and granted a motion in limine to exclude evidence of spoliation. On appeal, we reversed the trial court's finding that no spoliation occurred. In light of the reversal, we concluded that the trial court abused its discretion in excluding the evidence of spoliation).

[14] (Citation and punctuation omitted.) *Hayward v. The Kroger Co.*, 317 Ga. App. 795, 797 (2) (733 SE2d 7) (2012).

**(a) Powers** contends that the trial court erred by not allowing her to have the addresses for two witnesses, Zdenek Kresta and Dimitre Dimitrov, whose affidavits Southern had submitted in support of its motion for summary judgment. Powers argues that Southern should have provided this information in response to discovery requests.

The record shows that Kresta and Dimitrov were employed by the third-party defendant in this case, Dimitrov's Cleaning Services, which was represented by separate counsel. In its ruling on the motion to compel, the trial court found that

> [t]here is no delay to [Powers] by seeking the Third-Party Defendants' employees' information from the Third-Party Defendants directly. It is in control of its employees' information and [is] a party to this lawsuit. Although the initial discovery period has expired, if [Powers] seeks the address, date of birth, and phone numbers of Mr. Dimitrov and Mr. Kresta from the Third-Party Defendants, the information shall be provided to [Powers].

Thus, it is clear from the record that Powers was allowed the opportunity to obtain the witness information that she sought. We discern no error.

**(b)** Powers contends that the trial court erred by requiring her to sign a confidentiality agreement before receiving Southern's inspection policy pursuant to her discovery request. Specifically, Powers argues that Southern's inspection policy did not warrant such protection and that imposing such a requirement "had the effect of frustrating and preventing legitimate discovery."

In its written response to this discovery request and at the hearing on the motion to compel, Southern indicated that it would provide the requested policy if Powers would execute a confidentiality agreement stating that the policy would only be used for purposes of the instant litigation. Southern contended that the policy was confidential and proprietary, and that a confidentiality agreement was necessary to protect the information contained therein. In ruling on this issue, the trial court found that

> [Southern] did not refuse to provide its policies outright. It instead requested [Powers] execute a confidentiality agreement stating the policies were not to be used outside the instant litigation and should be returned or destroyed when the case was final. . . . [Powers] is not harmed or prejudiced in this suit by executing the confidentiality agreement. She will receive [Southern]'s policies, the very information she seeks. In turn, [Southern] earns assurances that the policies will not be used outside the litigation or released to a

11

competitor, which [Powers] and her counsel have no reason to attempt. Therefore, the [c]ourt finds that [Powers] and her counsel shall execute the confidentiality agreement proposed by [Southern] within ten (10) days of this order if [Powers] remains interested in the policies. Once the agreement has been executed, [Southern] shall submit the policies to [Powers] within ten (10) days of the execution.

As stated above, the trial court has broad discretion in dealing with discovery matters, and this Court will affirm the actions of the trial court unless a clear abuse of discretion is shown.[15] In addition, Powers must show on appeal that the alleged error was harmful.[16] Here, the trial court did not frustrate or prevent legitimate discovery, as Powers asserts. Rather, the trial court granted her relief by ordering Southern to produce the requested documents once she executed the confidentiality agreement. Pretermitting whether such a confidentiality agreement was warranted in this case, Powers has failed to show how she was harmed by this requirement.

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[15] Id.

[16] *Medical Staffing Network, Inc. v. Connors*, 313 Ga. App. 645, 650 (2) (722 SE2d 370) (2012).