**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**March 28, 2013**

# In the Court of Appeals of Georgia

A12A2217. CLAYTON COUNTY et al. v. AUSTIN-POWELL.

A13A0034. MCCOBB et al. v. CLAYTON COUNTY.

MCFADDEN, Judge.

Sherri McCobb and Rollie Austin-Powell brought separate wrongful death actions against Clayton County, alleging that the improper conduct of a county police officer during a high-speed chase of a car caused the deaths of their sons who were passengers in the car. McCobb and Austin-Powell, represented by the same attorneys, filed identical motions for discovery sanctions based on alleged spoliation of evidence. The motions were ruled upon by different trial court judges. The trial court in McCobb's case denied the motion for sanctions due to spoliation and also granted summary judgment to the county. The trial court in Austin-Powell's case granted the motion for sanctions due to spoliation and also granted partial summary judgment to

Austin-Powell on the issue of liability. Because the appeals from these rulings arise from the same underlying incident and involve similar issues, we consider them together.

In Case Number A13A0034, McCobb appeals from the order denying her spoliation motion and granting summary judgment to the county. We affirm the denial of the spoliation motion since there was no spoliation of evidence. However, we reverse the grant of summary judgment to the county because the trial court's conclusion that there existed no genuine issue of material fact was founded on an erroneous analysis of OCGA § 40-6-6, the statute granting certain driving privileges to police officers in emergency situations. In Case Number A12A2217, the county appeals from the trial court order granting Austin-Powell's spoliation motion and granting partial summary judgment to her. Because, as in McCobb's case, there was no spoliation of evidence, we reverse the spoliation ruling. We also reverse the summary judgment ruling because no proper summary judgment motion was before the trial court.

*Case No. A13A0034.*

1. *Grant of summary judgment to the county.*

McCobb contends that the trial court improperly granted summary judgment to the county based on its erroneous finding that an innocent passenger in a fleeing vehicle is a "fleeing suspect" whose claim is not afforded the protections of OCGA § 40-6-6 (d) (2). We agree and therefore reverse that ruling.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). On appeal, we conduct a "de novo review of the grant of a motion for summary judgment [and] must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant. [Cit.]" Id. at 624 (1) (a).

So viewed, the evidence shows that on the night of February 25, 2007, several teenagers, including McCobb's son Larry Smith, Jr., got into a car driven by Obi Bailey for a ride to a nearby movie theater. Smith did not know Bailey, but one of Smith's friends knew him and convinced Smith to get in the car. Thereafter, Clayton County police lieutenant Scott Stubbs pulled over the car for allegedly being operated without its headlights. Using his public address system, Lieutenant Stubbs told the driver to get out of the vehicle with his driver's license and insurance card, but Bailey

3

did not comply and instead drove away from the scene. Lieutenant Stubbs pursued the car, during which he learned from a police dispatcher that it had been reported stolen. During the pursuit the passengers, including Smith, pleaded with Bailey to pull over. The high-speed chase ended when the car crashed into a tree in a residential neighborhood. Smith was seriously injured and later died as a result of the collision.

OCGA §§ 40-6-6 (a) and (b) provide that a police officer pursuing a suspected violator of the law may exercise certain driving privileges, such as proceeding past a stop light or exceeding the speed limit so long as he does not endanger life or property. OCGA § 40-6-6 (d) (2) further provides that

> [w]hen a law enforcement officer in a law enforcement vehicle is pursuing a fleeing suspect in another vehicle and the fleeing suspect damages any property or injures or kills any person during the pursuit, the law enforcement officer's pursuit shall not be the proximate cause or a contributing proximate cause of the damage, injury, or death caused by the fleeing suspect unless the law enforcement officer acted with reckless disregard for proper law enforcement procedures in the officer's decision to initiate or continue the pursuit.

In *City of Winder v. McDougald*, 276 Ga. 866 (583 SE2d 879) (2003), our Supreme Court held that this code section provides some protection for innocent parties.

> By imposing a reckless disregard standard in place of [a] negligence standard. . . , the legislature narrowed the circumstances in which an

4

innocent party injured by a fleeing suspect could recover from the [local government]. Because the legislature enacted subsection (d) (2) to limit liability when a fleeing suspect injures an innocent person, we conclude that the legislature did not intend simultaneously to expand liability to cover injuries to the fleeing suspect.

Id. at 867. The Court went on to explain that this holding was consistent with interpretations of a prior version of the statute, which "emphasized the public policy of protecting innocent third parties, stating that while it is desirable that the officer overtake and apprehend the criminal, it is equally as important that innocent persons, whether or not connected with the emergency to be met, not be maimed or killed in the operation." (Citation, punctuation and emphasis omitted.) Id. Thus, while an innocent person may recover for injuries by showing an officer acted with reckless disregard pursuant to OCGA § 40-6-6 (d) (2), a fleeing suspect may recover only by showing "an officer act[ed] with an actual intent to cause injury." (Citation omitted.) Id. at 868.

In granting summary judgment to the county, the trial court found that Smith was a fleeing suspect not entitled to the protections of OCGA § 40-6-6 (d) (2) and that McCobb had failed to show that there is an issue of fact as to whether officer Stubbs acted with malice or actual intent to harm. However, contrary to the trial court's ruling, there is no evidence that Smith fled or in any way encouraged Bailey's

5

decision to flee. Rather, the evidence shows that Smith did not know Bailey, that he merely got in the car to join his friends for a ride to a movie, that he did not know Bailey would flee from the officer, and that during the high-speed chase he and other passengers pleaded with Bailey to stop. Thus, construed in favor of the non-moving party, the evidence shows, at the very least, that there exists a question of fact as to whether Smith was an innocent passenger trapped in the vehicle driven by fleeing suspect Bailey. In holding otherwise, the trial court improperly relied on the concept of reasonable suspicion authorizing an officer to stop a vehicle, rather than the plain language of OCGA § 40-6-6 (d) (2) and the holding in *City of Winder* that the code section applies to innocent parties. Regardless of any reasonable suspicion authorizing the stop of Bailey, there is no evidence in the record that Smith was anything more than an innocent passenger trapped in the vehicle driven by the fleeing suspect Bailey. And the fact that the car was reportedly stolen did not transform Smith into a fleeing suspect for purposes of OCGA § 40-6-6 (d) (2). On the contrary, as explained in *City of Winder*, the public policy embodied by this code section is the protection of innocent parties, and such protection applies "*whether or not* [such innocent parties are] connected with the emergency to be met[.]" (Emphasis supplied.) Id. at 867. Thus, even though Smith was connected with the emergency as

6

a passenger in the car, there is a genuine issue of material fact as to whether he was an innocent party as contemplated by OCGA § 40-6-6 (d) (2).

We note further that although there apparently is no Georgia case directly on point concerning innocent passengers, courts in other jurisdictions have reached the same conclusion in similar cases. For example, in *Chambers v. City of Lancaster*, 843 SW2d 143 (Tex. App.1992), reversed in part on other grounds, 883 SW2d 650 (Tex. 1994), the Texas Court of Appeals denied summary judgment to a municipality while holding that a passenger on a fleeing motorcycle, like innocent bystanders in other cases, had "the misfortune of having been in the wrong place at the wrong time." Id. at 147. Similarly, the Supreme Court of Michigan has

> conclude[d] that it is irrelevant whether a wrongdoer is a driver or a passenger or whether an innocent person is inside or outside the vehicle. . . . [W]hatever their location, there is a duty to innocent persons, but not to wrongdoers. In other words, the police owe a duty to innocent persons whether those persons are inside or outside the vehicle.

*Robinson v. City of Detroit*, 613 NW2d 307, 314 (III) (Mich. 2000). The court in *Robinson* further noted that its conclusion was consistent with a state statute which, like OCGA § 40-6-6 (d) (2), "does not exempt the police from the consequences of a reckless disregard of the safety of others." (Punctuation omitted.) Id.

We likewise conclude that the protection afforded innocent persons pursuant to OCGA § 40-6-6 (d) (2) applies whether the innocent person is outside the vehicle or is an innocent passenger in it. Because there exist issues of fact as to whether Smith was an innocent person killed during the officer's pursuit of a fleeing suspect, the trial court's summary judgment ruling to the contrary was erroneous and must be reversed.

2. *Denial of motion for sanctions due to spoliation of evidence.*

"Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation. Such conduct creates the presumption that the evidence would have been harmful to the spoliator." (Citations and punctuation omitted.) *Baxley v. Hakiel Indus.*, 282 Ga. 312, 313 (647 SE2d 29) (2007). McCobb claims that Lieutenant Stubbs' failure to have a working videotape in his police vehicle and failure to record the chase constituted spoliation. However, "[i]t is axiomatic that in order for there to be spoliation, the evidence in question must have existed and been in the control of a party. [Cits.]" *Sentry Select Ins. Co. v. Treadwell*, 318 Ga. App. 844, 847 (2) (c) (734 SE2d 818) (2012). Thus, as the trial court correctly recognized, the evidence in question never "existed as the pursuit was not recorded," and therefore it could not have been spoliated.

8

The trial court further noted that, in McCobb's reply brief to the county's response to the motion, she advanced an alternative theory that a tape may have existed but the officer destroyed it. However, the trial court found that this theory was "unsubstantiated in the record, and in fact, [McCobb] had previously asserted that it is 'undisputed that Lt. Stubbs did not record the encounter with the . . . vehicle on tape.'"

Regardless, as recited above, spoliation refers to the destruction of or failure to preserve evidence that is *necessary to contemplated or pending litigation*. *Baxley*, supra.

> But notice of potential *liability* is not the same as notice of potential *litigation*. To meet the standard for proving spoliation, the injured party must show that the alleged tortfeasor was put on notice that the party was contemplating litigation. The simple fact that someone is injured in an accident, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation.

(Citations and punctutation omitted, emphasis in original.) *Craig v. Bailey Brothers Realty*, 304 Ga. App. 794, 796-797 (1) (697 SE2d 888) (2010). Here, McCobb states in her brief that the "critical video evidence was spoliated within two days" of the incident. At that point, it is undisputed that there was no pending litigation or notice that McCobb was contemplating litigation, and instead there was only the fact that

9

Smith was injured in the accident. "The trial court has wide discretion in resolving spoliation issues, and we will not disturb its ruling absent abuse. [Cit.]" *Powers v. Southern Family Markets of Eastman*, ___ Ga. App. ___ (1) (Case No. A12A2382, decided March 18, 2013). Here, because the county had no notice that litigation was pending or contemplated at the time the video evidence allegedly was destroyed or not preserved, the trial court did not abuse its discretion in finding that no spoliation occurred. Id.

3. *Partial summary judgment.*

McCobb enumerates that the trial court should have granted her motion for partial summary judgment on the merits as to the issue of liability. However, she did not file a motion for partial summary judgment on the merits. Rather, she filed a motion for sanctions based on alleged spoliation of evidence, and in that motion she requested partial summary judgment as the sanction to be imposed for the alleged discovery abuse. But nowhere in that spoliation motion did she also move for summary judgment on the merits. There is no magic in nomenclature, and we judge motions, not by their name, but by their function and substance. *Nelson & Hill v. Wood*, 245 Ga. App. 60, 64 (1) (537 SE2d 670) (2000). Here, regardless of

nomenclature, the clear function and substance of McCobb's motion was to seek imposition of sanctions for spoliation, not summary judgment on the merits.

McCobb did not attempt to inject summary judgment on the merits into her spoliation motion until after the county had filed its response to the motion. McCobb then filed a reply brief in which she primarily reiterated her spoliation arguments, but also claimed, for the first time, that she was entitled to partial summary judgment on the merits as to liability. But such an argument set forth for the first time in a reply brief does not constitute a proper motion for summary judgment. Rather, a motion for summary judgment must "be served at least 30 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." OCGA § 9-11-56 (c).

> [A]n argument advanced in a reply brief is not one made with specificity, by motion. . . .[B]riefs and motions are different creatures, and we do not think it appropriate to construe the reply brief here . . . as a brand new motion [for summary judgment], the filing of which would have triggered the running of a period of [at least] 30 days [before a hearing and] in which [the county] might have [filed] affidavits. To require [a defendant] to treat a [reply] brief filed in support of a [plaintiff's] motion [for spoliation sanctions] as a brand new motion [for summary judgment] would lead to tremendous inefficiencies, and in any event, would be inconsistent with the statutory requirement that "an application to the court for an order shall be by motion," OCGA § 9-11-7 (b) (1), a requirement that suggests . . . that motions and other papers filed with a court are different in kind.

11

*Ndlovu v. Pham*, 314 Ga. App. 337, 343 n. 9 (723 SE2d 729) (2012). Accordingly, because there was no motion for partial summary judgment on the merits, we find no error.

*Case No. A12A2217.*

4. *Grant of motion for sanctions due to alleged spoliation of evidence.*

The trial court granted Austin-Powell's spoliation of evidence motion, which was identical to the motion filed by McCobb, and imposed the sanction that the county was "precluded from presenting expert witnesses to testify in any respect about the evidence." The county argues that the trial court abused its discretion in granting the motion and imposing discovery sanctions because there was no video of the pursuit to spoliate and the county had no notice that Austin-Powell was contemplating litigation at the time of the alleged spoliation. We agree, and for the reasons discussed above in Division 2, we conclude that the trial court did abuse its discretion in granting the spoliation motion. Accordingly, that ruling is hereby reversed.

5. *Partial summary judgment as to liability.*

The county asserts that the trial court also erred in granting partial summary judgment on the merits to Austin-Powell as to the issue of liability because there was no such motion for summary judgment on the merits. We agree.

As with McComb, Austin-Powell filed a motion only for imposition of discovery sanctions due to alleged spoliation, and did not move for partial summary judgment on the merits. And like McComb, she did not make such a request for summary judgment on the merits until after the county's response to the spoliation motion, when she filed the identical reply brief filed by McComb. For the reasons discussed above in Division 3, such a request made for the first time in a reply brief did not constitute a proper motion for summary judgment on the merits. Moreover, "[w]hile in most cases it is better practice to await a motion for summary judgment before entering it for a party, it may not be erroneous under the circumstances of a given case, where the issues are the same as those involved in the movant's motion." (Citation, punctuation and emphasis omitted.) *Covington v. Countryside Investment Co.*, 263 Ga. 125, 127 (3) (428 SE2d 562) (1993). Here, the motion for sanctions due to alleged spoliation of evidence did not involve the same issues as a request for summary judgment on the merits. Because the existence of genuine issues of material fact as to liability were not "within the ambit of appellee's

13

motion for [discovery sanctions due to spoliation,] the trial court erred in granting summary judgment in favor of appellee as to that issue." (Citations omitted.) Id.

*Judgment reversed in Case No. A12A2217, and judgment affirmed in part and reversed in part in Case No. A13A0034. Doyle, P. J., and Boggs, J., concur.*