ANDREWS, Presiding Judge,
concurring in part and dissenting in part.
1. I concur fully in Division 1 of the majority opinion which concludes that the trial court correctly found that the Georgia Department of Public Safety did not waive sovereign immunity. However, because the trial court properly denied Loehle’s spoliation motion against the City of Atlanta based upon the arguments presented to it, and a remand is therefore unnecessary under the facts of this case, I respectfully dissent to Division 2.
2. Stated succinctly,
[tjhe term “spoliation” is used to refer “to the destruction or failure to preserve evidence” that is relevant to “contemplated or pending litigation.” Such conduct may give rise to the rebuttable presumption that the evidence would have been harmful to the spoliator. However, in order for the *844 injured party to pursue a remedy for spoliation, the spoliating party must have been under a duty to preserve the evidence at issue.
(Citations omitted.) Phillips v. Harmon, 297 Ga. 386, 393-394 (774 SE2d 596) (2015). See also Whitfield v. Tequila Mexican Restaurant No. 1, 323 Ga. App. 801, 807 (6) (748 SE2d 281) (2013), overruled on other grounds, Harmon, 297 Ga. at 398. Of particular relevance here, “[t]he trial court has wide discretion in resolving spoliation issues, and we will not disturb its ruling absent abuse.” Kitchens v. Brusman, 303 Ga. App. 703, 705 (1) (694 SE2d 667) (2010).
Here, the trial court found that: (1) the collision between the plaintiffs and the driver of the stolen vehicle occurred on January 6, 2009; (2) pursuant to Atlanta Police Department Policy Manual, Standard Operating Procedure 4.18.3 (1), audio recordings “are kept for approximately 120 days before being reused,” meaning that the recording would have been reused on or about May 6,2009; (3) Loehle submitted ante litem notice to the City on June 26, 2009; and (4) the City received Loehle’s ante litem notice on or about June 29, 2009. Loehle filed its civil action against the City on December 13, 2010. It was not until December 12, 2012, in an e-mail from the City in response to Loehle’s discovery requests, that Loehle learned that the audio recordings had been destroyed. As a result, the trial court concluded that the City had no notice that Loehle contemplated litigation and, as a result, “was not under a duty to preserve the recordings of the radio transmissions and merely complied with its policy of reusing tapes after 120 days have elapsed.”
Of course, the trial court’s conclusion was based upon the arguments presented to it, and at no point during briefing to the trial court (or, for that matter, to this Court) did Loehle argue that the City had notice of Loehle’s claim by any other means other than the ante litem notice (which arrived after the 120-day period in APD’s policies). Based upon the state of our law at the time this case was litigated in the trial court, such an argument concerning alternate notice could have been made. See Silman v. Assoc. Bellemeade, 286 Ga. 27 (685 SE2d 277) (2009); Baxley v. Hakiel Indus., 282 Ga. 312, 313-314 (647 SE2d 29) (2007). It was not. In this context, Harmon does not supply a basis for remand to permit new arguments that could have been previously raised. And because Loehle has failed to demonstrate that the trial court abused its discretion, see Kitchens, 303 Ga. App. at 705 (1), I would affirm the trial court’s order denying Loehle’s motion for spoliation.
*845 Decided November 20, 2015
Clark & Smith, John C. Clark; Childers & McCain, Christy C. Childers, for appellants.
Samuel S. Olens, Attorney General, Robert L. Bunner, Senior Assistant Attorney General, for appellees.